[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15489
Non-Argument Calendar

_____

D. C. Docket No. 04-01181-CV-J-J

TONYA FRAZIER,

Plaintiff,

ROBERT A. MORGAN, Bankruptcy
Trustee for Tonya Frazier,

Plaintiff-Appellee,

versus

STAN THOMAS,

Defendant-Appellant,

DOUBLE SPRINGS, THE CITY
OF ALABAMA,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 21, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Appellant, Stan Thomas, is the Chief of Police for the city of Double Springs, Alabama. He appeals the verdicts rendered by a jury in favor of Tonya Frazier against him individually based upon claims of false arrest and false imprisonment. Robert A. Morgan is the Bankruptcy Trustee for the bankrupt Tonya Frazier. The challenge to the verdicts is based upon the insufficiency of the evidence.

During the trial, Thomas made a motion for judgment as a matter of law at the close of the plaintiff's case. The motion was denied. At the conclusion of the presentation of all the evidence, the motion was renewed. Again, it was denied. Thereafter, Thomas filed no post-trial motions of any sort. Specifically, there was no motion for judgment as a matter of law nor a motion for new trial following the return of the verdicts by the jury and the entry of judgment by the court.

Under these circumstances we are precluded from reviewing the sufficiency of the evidence. See Unitheim Food Sys., Inc. v. Swift-Eckrich, Inc., 126 S.Ct. 980, 74 U.S.L.W. 4112 (2006). In the absence of a post-trial motion under Rule 50(b) or a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure, the Court of Appeals are without the authority to consider a challenge to the sufficiency of the evidence supporting a jury verdict.

AFFIRMED.