(Slip Opinion)     OCTOBER TERM, 2005                    1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## UNITHERM FOOD SYSTEMS, INC. *v.* SWIFT-ECKRICH, INC., DBA CONAGRA REFRIGERATED FOODS

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 04–597.   Argued November 2, 2005—Decided January 23, 2006

After respondent ConAgra warned companies selling equipment and processes for browning precooked meats that it intended to protect its rights under its patent for that process, petitioner Unitherm, whose president had invented the process six years before ConAgra filed its patent application, and one of ConAgra's direct competitors jointly filed suit in an Oklahoma federal court.  As relevant here, they sought a declaration that ConAgra's patent was invalid and unenforceable and alleged that ConAgra had violated §2 of the Sherman Act by attempting to enforce a patent obtained by fraud on the Patent and Trademark Office, see *Walker Process Equipment, Inc.* v. *Food Machinery & Chemical Corp.,* 382 U. S. 172, 174.  The District Court found the patent invalid and allowed the *Walker Process* claim to proceed to trial.  Before the case was submitted to the jury, ConAgra moved for a directed verdict under Federal Rule of Civil Procedure 50(a) based on legal insufficiency of the evidence.  The court denied the motion, the jury returned a verdict for Unitherm, and ConAgra neither renewed its motion for judgment as a matter of law pursuant to Rule 50(b) nor moved for a new trial on antitrust liability pursuant to Rule 59.  On appeal to the Federal Circuit, ConAgra maintained that there was insufficient evidence to sustain the *Walker Process* verdict.  The court applied Tenth Circuit law, under which a party that has failed to file a postverdict sufficiency of the evidence challenge may nonetheless raise such a claim on appeal, so long as the party filed a Rule 50(a) motion before submission of the case to the jury.  The only available relief in such a circumstance is a new trial. Freed to examine the sufficiency of the evidence, the Federal Circuit

vacated the judgment and ordered a new trial.

*Held:* Since respondent failed to renew its preverdict motion as specified in Rule 50(b), the Federal Circuit had no basis for reviewing respondent's sufficiency of the evidence challenge. Rule 50 sets forth the requirements, establishing two stages, for challenging the sufficiency of the evidence in a civil jury trial. Rule 50(a) allows a challenge prior to the case's submission to the jury, authorizing the district court to grant the motion at the court's discretion. Rule 50(b), by contrast, sets forth the requirements for renewing the challenge after the jury verdict and entry of judgment. A party's failure to file a Rule 50(b) postverdict motion deprives an appellate court of the "power to direct the District Court to enter judgment contrary to the one it had permitted to stand." *Cone* v. *West Virginia Pulp & Paper Co.,* 330 U. S. 212, 218. It also deprives an appellate court of the power to order the entry of judgment in favor of that party where the district court directed the jury's verdict, *Globe Liquor Co.* v. *San Roman,* 332 U. S. 571, and where the district court expressly reserved a party's preverdict directed verdict motion and then denied it after the verdict, *Johnson* v. *New York, N. H. & H. R. Co.,* 344 U. S. 48. A postverdict motion is necessary because determining "whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Cone*, *supra,* at 216. Moreover, the requirement "is not an idle motion" but "an essential part of the rule, firmly grounded in principles of fairness." *Johnson*, *supra,* at 53. These authorities require reversal of the judgment below. This Court's observations about the postverdict motion's necessity and the benefits of the district court's input at that stage apply with equal force whether a party is seeking judgment as a matter of law or simply a new trial. Contrary to respondent's argument, the *Cone, Globe Liquor,* and *Johnson* outcomes underscore this holding. Those litigants all secured new trials, but they had moved for a new trial postverdict in the district court and did not seek to establish their entitlement to a new trial based solely on a denied Rule 50(a) motion. This result is further validated by the purported basis of respondent's appeal, namely the District Court's denial of its Rule 50(a) motion. *Cone, Globe Liquor,* and *Johnson* unequivocally establish that the precise subject matter of a party's Rule 50(a) motion cannot be appealed unless that motion is renewed pursuant to Rule 50(b). Respondent, rather than seeking to appeal the claim raised in its Rule 50(a) motion, seeks a *new trial* based on legal insufficiency of the evidence. If a litigant that has failed to file a Rule 50(b) motion is foreclosed from seeking the relief sought in its Rule 50(a) motion, then surely re-

Syllabus

spondent is foreclosed from seeking relief it did not and could not seek in its preverdict motion. Rule 50(b)'s text confirms that respondent's Rule 50(a) motion did not give the District Court the option of ordering a new trial, for it provides that a district court may only order a new trial based on issues raised in a Rule 50(a) motion when "ruling on a renewed motion" under Rule 50(b). If the District Court lacked such power, then the Court of Appeals was similarly powerless. Rule 50(a)'s text and application also support this result. A district court may enter judgment as a matter of law when it concludes that the evidence is legally insufficient, but it is not required to do so. Thus, the denial of respondent's Rule 50(a) motion was not error, but merely an exercise of the District Court's discretion. Pp. 4–12.

375 F. 3d 1341, reversed.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and O'CONNOR, SCALIA, SOUTER, GINSBURG, and BREYER, JJ., joined. STEVENS, J., filed a dissenting opinion, in which KENNEDY, J., joined.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports. Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 04–597

UNITHERM FOOD SYSTEMS, INC., PETITIONER *v.*
SWIFT-ECKRICH, INC., DBA CONAGRA
REFRIGERATED FOODS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE FEDERAL CIRCUIT

[January 23, 2006]

JUSTICE THOMAS delivered the opinion of the Court.

Ordinarily, a party in a civil jury trial that believes the evidence is legally insufficient to support an adverse jury verdict will seek a judgment as a matter of law by filing a motion pursuant to Federal Rule of Civil Procedure 50(a) before submission of the case to the jury, and then (if the Rule 50(a) motion is not granted and the jury subsequently decides against that party) a motion pursuant to Rule 50(b). In this case, however, the respondent filed a Rule 50(a) motion before the verdict, but did not file a Rule 50(b) motion after the verdict. Nor did respondent request a new trial under Rule 59. The Court of Appeals nevertheless proceeded to review the sufficiency of the evidence and, upon a finding that the evidence was insufficient, remanded the case for a new trial. Because our cases addressing the requirements of Rule 50 compel a contrary result, we reverse.

I

The genesis of the underlying litigation in this case was ConAgra's attempt to enforce its patent for "A Method for

Browning Precooked Whole Muscle Meat Products," U. S. Patent No. 5,952,027 ('027 patent).  In early 2000, ConAgra issued a general warning to companies who sold equipment and processes for browning precooked meats explaining that it intended to "'aggressively protect all of [its] rights under [the '027] patent.'"  375 F. 3d 1341, 1344 (CA Fed. 2004).  Petitioner Unitherm sold such processes, but did not receive ConAgra's warning.  ConAgra also contacted its direct competitors in the precooked meat business, announcing that it was "'making the '027 Patent and corresponding patents that may issue available for license at a royalty rate of 10¢ per pound.'"  *Id.,* at 1345.  Jennie-O, a direct competitor, received ConAgra's correspondence and undertook an investigation to determine its rights and responsibilities with regard to the '027 patent.  Jennie-O determined that the browning process it had purchased from Unitherm was the same as the process described in the '027 patent.  Jennie-O further determined that the '027 patent was invalid because Unitherm's president had invented the process described in that patent six years before ConAgra filed its patent application.

Consistent with these determinations, Jennie-O and Unitherm jointly sued ConAgra in the Western District of Oklahoma.  As relevant here, Jennie-O and Unitherm sought a declaration that the '027 patent was invalid and unenforceable, and alleged that ConAgra had violated §2 of the Sherman Act, 15 U. S. C. §2, by attempting to enforce a patent that was obtained by committing fraud on the Patent and Trademark Office (PTO).  See *Walker Process Equipment, Inc.* v. *Food Machinery & Chemical Corp.,* 382 U. S. 172, 174 (1965) (holding that "the enforcement of a patent procured by fraud on the Patent Office may be violative of §2 of the Sherman Act provided the other elements necessary to a §2 case are present").  The District Court construed the '027 patent and determined that it was invalid based on Unitherm's prior public use and sale of the

process described therein. 35 U. S. C. §102(b). After dismissing Jennie-O for lack of antitrust standing, the District Court allowed Unitherm's *Walker Process* claim to proceed to trial. Prior to the court's submission of the case to the jury, ConAgra moved for a directed verdict under Rule 50(a) based on legal insufficiency of the evidence. The District Court denied that motion.[1] The jury returned a verdict for Unitherm, and ConAgra neither renewed its motion for judgment as a matter of law pursuant to Rule 50(b), nor moved for a new trial on antitrust liability pursuant to Rule 59.[2]

On appeal to the Federal Circuit, ConAgra maintained that there was insufficient evidence to sustain the jury's *Walker Process* verdict. Although the Federal Circuit has concluded that a party's "failure to present the district court with a post-verdict motion precludes appellate review of sufficiency of the evidence," *Biodex Corp.* v. *Loredan Biomedical, Inc.*, 946 F. 2d 850, 862 (1991), in the instant case it was bound to apply the law of the Tenth Circuit. 375 F. 3d, at 1365, n. 7 ("On most issues related to Rule 50 motions . . . we generally apply regional circuit law unless the precise issue being appealed pertains uniquely to patent law"). Under Tenth Circuit law, a party that has failed to file a postverdict motion challeng-

—————

[1] Petitioner contends that respondent's Rule 50(a) motion pertained only to the fraud element of petitioner's *Walker Process* claim, and that it did not encompass the remaining antitrust elements of that claim. Because we conclude that petitioner is entitled to prevail irrespective of the scope of respondent's Rule 50(a) motion, we assume without deciding that that motion pertained to all aspects of petitioner's §2 claim. But see Amendments to Federal Rules of Civil Procedure, 134 F. R. D. 525, 687 (1991) ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion").

[2] While ConAgra did file a postverdict motion seeking a new trial on antitrust damages, that motion did not seek to challenge the sufficiency of the evidence establishing antitrust liability and thus has no bearing on the instant case.

ing the sufficiency of the evidence may nonetheless raise such a claim on appeal, so long as that party filed a Rule 50(a) motion prior to submission of the case to the jury. *Cummings* v. *General Motors Corp.*, 365 F. 3d 944, 950–951 (2004). Notably, the only available relief in such a circumstance is a new trial. *Id.*, at 951.

Freed to examine the sufficiency of the evidence, the Federal Circuit concluded that, although Unitherm had presented sufficient evidence to support a determination that ConAgra had attempted to enforce a patent that it had obtained through fraud on the PTO, 375 F. 3d, at 1362, Unitherm had failed to present evidence sufficient to support the remaining elements of its antitrust claim. *Id.*, at 1365 ("Unitherm failed to present any economic evidence capable of sustaining its asserted relevant antitrust market, and little to support any other aspect of its Section 2 claim"). Accordingly, it vacated the jury's judgment in favor of Unitherm and remanded for a new trial. We granted certiorari, 543 U. S. 1186 (2005), and now reverse.

## II

Federal Rule of Civil Procedure 50 sets forth the procedural requirements for challenging the sufficiency of the evidence in a civil jury trial and establishes two stages for such challenges—prior to submission of the case to the jury, and after the verdict and entry of judgment. Rule 50(a) allows a party to challenge the sufficiency of the evidence prior to submission of the case to the jury, and authorizes the District Court to grant such motions at the court's discretion:

> "(a) JUDGMENT AS A MATTER OF LAW.
>
> "(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judg-

ment as a matter of law against that party with re-
spect to a claim or defense that cannot under the con-
trolling law be maintained or defeated without a fa-
vorable finding on that issue.

"(2) Motions for judgment as a matter of law may be
made at any time before submission of the case to the
jury. Such a motion shall specify the judgment sought
and the law and the facts on which the moving party
is entitled to the judgment."

Rule 50(b), by contrast, sets forth the procedural require-
ments for renewing a sufficiency of the evidence challenge
after the jury verdict and entry of judgment.

"(b) RENEWING MOTION FOR JUDGMENT AFTER
TRIAL; ALTERNATIVE MOTION FOR NEW TRIAL. If, for
any reason, the court does not grant a motion for judg-
ment as a matter of law made at the close of all the
evidence, the court is considered to have submitted
the action to the jury subject to the court's later decid-
ing the legal questions raised by the motion. The
movant may renew its request for judgment as a mat-
ter of law by filing a motion no later than 10 days af-
ter entry of judgment—and may alternatively request
a new trial or join a motion for a new trial under Rule
59. In ruling on a renewed motion, the court may:

"(1) if a verdict was returned:
"(A) allow the judgment to stand,
"(B) order a new trial, or
"(C) direct entry of judgment as a matter of
law . . . ."

This Court has addressed the implications of a party's
failure to file a postverdict motion under Rule 50(b) on
several occasions and in a variety of procedural contexts.
This Court has concluded that, "[i]n the absence of such a
motion" an "appellate court [is] without power to direct the

District Court to enter judgment contrary to the one it had permitted to stand." *Cone* v. *West Virginia Pulp & Paper Co.,* 330 U. S. 212, 218 (1947). This Court has similarly concluded that a party's failure to file a Rule 50(b) motion deprives the appellate court of the power to order the entry of judgment in favor of that party where the district court directed the jury's verdict, *Globe Liquor Co.* v. *San Roman,* 332 U. S. 571 (1948), and where the district court expressly reserved a party's preverdict motion for a directed verdict and then denied that motion after the verdict was returned. *Johnson* v. *New York, N. H. & H. R. Co.,* 344 U. S. 48 (1952). A postverdict motion is necessary because "[d]etermination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart."[3] *Cone, supra,* at 216. Moreover, the "requirement of a timely application for judgment after verdict is not an idle motion" because it "is . . . an essential part of the rule, firmly grounded in principles of fairness." *Johnson, supra,* at 53.

The foregoing authorities lead us to reverse the judgment below. Respondent correctly points out that these authorities address whether an appellate court may enter judgment in the absence of a postverdict motion, as op-

---

[3] Neither *Neely* v. *Martin K. Eby Constr. Co.,* 386 U. S. 317 (1967), nor *Weisgram* v. *Marley Co.,* 528 U. S. 440 (2000), undermine our judgment about the benefit of postverdict input from the district court. In those cases this Court determined that an appellate court may, in certain circumstances, direct the entry of judgment when it reverses the district court's denial of a Rule 50(b) motion. But in such circumstances the district court will have had an opportunity to consider the propriety of entering judgment or ordering a new trial by virtue of the postverdict motion. Moreover, these cases reiterate the value of the district court's input, cautioning the courts of appeals to be "'constantly alert' to 'the trial judge's first-hand knowledge of witnesses, testimony, and issues.'" *Id.,* at 443 (quoting *Neely, supra,* at 325).

posed to whether an appellate court may order a new trial (as the Federal Circuit did here). But this distinction is immaterial. This Court's observations about the necessity of a postverdict motion under Rule 50(b), and the benefits of the district court's input at that stage, apply with equal force whether a party is seeking judgment as a matter of law or simply a new trial. In *Cone*, this Court concluded that, because Rule 50(b) permits the district court to exercise its discretion to choose between ordering a new trial and entering judgment, its "appraisal of the bona fides of the claims asserted by the litigants is of great value in reaching a conclusion as to whether a *new trial* should be granted." 330 U. S., at 216 (emphasis added). Similarly, this Court has determined that a party may only pursue on appeal a particular avenue of relief available under Rule 50(b), namely the entry of judgment *or a new trial*, when that party has complied with the Rule's filing requirements by requesting that particular relief below. See *Johnson, supra,* at 54 ("Respondent made a motion to set aside the verdict and for new trial within the time required by Rule 50(b). It failed to comply with permission given by 50(b) to move for judgment *n. o. v.* after the verdict. In this situation respondent is entitled only to a new trial, not to a judgment in its favor").[4]

---

[4] The dissent's suggestion that 28 U. S. C. §2106 permits the Courts of Appeals to consider the sufficiency of the evidence underlying a civil jury verdict notwithstanding a party's failure to comply with Rule 50 is foreclosed by authority of this Court. While the dissent observes that §2106 was enacted after *Cone* and *Globe Liquor Co.* v. *San Roman,* 332 U. S. 571 (1948), *post,* at 2 (opinion of STEVENS, J.), it fails to note that it was enacted prior to *Johnson. Johnson* explicitly reaffirmed those earlier cases, concluding that "in the absence of a motion for judgment notwithstanding the verdict made in the trial court within ten days after reception of a verdict [Rule 50] forbids the trial judge or an appellate court to enter such judgment." 344 U. S., at 50. Moreover, in *Neely*, this Court observed that §2106 is "broad enough to include the power to direct entry of judgment *n. o. v.* on appeal," 386 U. S., at 322,

Despite the straightforward language employed in *Cone*, *Globe Liquor*, and *Johnson,* respondent maintains that those cases dictate affirmance here, because in each of those cases the litigants secured a new trial. But in each of those cases the appellants moved for a new trial post-verdict in the District Court, and did not seek to establish their entitlement to a new trial solely on the basis of a denied Rule 50(a) motion. See *Cone, supra*, at 213 (noting that respondent moved for a new trial);[5] *Globe Liquor*, 332

_____

but nonetheless reaffirmed that *Cone*, *Globe Liquor*, and *Johnson* "make it clear that an appellate court may not order judgment *n. o. v.* where the verdict loser has failed to strictly comply with the procedural requirements of Rule 50(b)." 386 U. S., at 325. Contrary to the dissent's suggestion, *Neely* confirms that the broad grant of authority to the Courts of Appeals in §2106 must be exercised consistent with the requirements of the Federal Rules of Civil Procedure as interpreted by this Court.

The dissent's approach is not only foreclosed by authority of this Court, it also may present Seventh Amendment concerns. The implication of the dissent's interpretation of §2106 is that a court of appeals would be free to examine the sufficiency of the evidence regardless of whether the appellant had filed a Rule 50(a) motion in the district court and, in the event the appellant had filed a Rule 50(a) motion, regardless of whether the district court had ever *ruled* on that motion. The former is squarely foreclosed by *Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364 (1913), and the latter is inconsistent with this Court's explanation of the requirements of the Seventh Amendment in *Baltimore & Carolina Line, Inc.* v. *Redman,* 295 U. S. 654, 658 (1935) (explaining that "under the pertinent rules of the common law the court of appeals could set aside the verdict for error of law, such as the trial court's *ruling* respecting the sufficiency of the evidence, and direct a new trial, but could not itself determine the issues of fact and direct a judgment for the defendant, for this would cut off the plaintiff's unwaived right to have the issues of fact determined by a jury" (emphasis added)). Indeed, Rule 50 was drafted with such concerns in mind. See 9A C. Wright & A. Miller, Federal Practice and Procedure §2522, pp. 244–246 (2d ed. 1995) (hereinafter Federal Practice).

[5] While the precise nature of the new trial motion at issue in *Cone* is difficult to ascertain from this Court's description of that motion, the Court of Appeals opinion in that case confirms that the movant had properly objected to the admission of certain evidence, and then moved

U. S., at 572 ("The respondents . . . moved for a new trial on the ground . . . that there were many contested issues of fact"). Indeed, *Johnson* concluded that respondent was *only* entitled to a new trial by virtue of its motion for such "within the time required by Rule 50(b)." 344 U. S., at 54. Accordingly, these outcomes merely underscore our holding today—a party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court.

Our determination that respondent's failure to comply with Rule 50(b) forecloses its challenge to the sufficiency of the evidence is further validated by the purported basis of respondent's appeal, namely the District Court's denial of respondent's preverdict Rule 50(a) motion. As an initial matter, *Cone*, *Globe Liquor*, and *Johnson* unequivocally establish that the precise subject matter of a party's Rule 50(a) motion—namely, its entitlement to judgment as a matter of law—cannot be appealed unless that motion is renewed pursuant to Rule 50(b). Here, respondent does not seek to pursue on appeal the precise claim it raised in its Rule 50(a) motion before the District Court—namely, its entitlement to judgment as a matter of law. Rather, it seeks a *new trial* based on the legal insufficiency of the evidence. But if, as in *Cone, Globe Liquor*, and *Johnson*, a litigant that has failed to file a Rule 50(b) motion is foreclosed from seeking the relief it sought in its Rule 50(a) motion—*i.e.*, the entry of judgment—then surely respondent is foreclosed from seeking a new trial, relief it did not and could not seek in its preverdict motion. In short,

———————

postverdict "for a new trial [on the basis of the inadmissible evidence] and later renewed this motion upon the basis of newly-discovered evidence." *West Virginia Pulp & Paper Co.* v. *Cone,* 153 F. 2d 576, 580 (CA4 1946). This Court did not disturb the Court of Appeals holding that formed the basis of the movant's entitlement to a new trial, namely "the Circuit Court of Appeals' holding that there was prejudicial error in the admission of evidence." 330 U. S., at 215.

respondent never sought a new trial before the District Court, and thus forfeited its right to do so on appeal. *Yakus* v. *United States,* 321 U. S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a . . . right may be forfeited . . . by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it").

   The text of Rule 50(b) confirms that respondent's pre-verdict Rule 50(a) motion did not present the District Court with the option of ordering a new trial. That text provides that a district court may only order a new trial on the basis of issues raised in a preverdict Rule 50(a) motion when "ruling on a renewed motion" under Rule 50(b). Accordingly, even if the District Court was inclined to grant a new trial on the basis of arguments raised in respondent's preverdict motion, it was without the power to do so under Rule 50(b) absent a postverdict motion pursuant to that Rule. Consequently, the Court of Appeals was similarly powerless.

   Similarly, the text and application of Rule 50(a) support our determination that respondent may not challenge the sufficiency of the evidence on appeal on the basis of the District Court's denial of its Rule 50(a) motion. The Rule provides that "the court *may* determine" that "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [a given] issue," and "*may* grant a motion for judgment as a matter of law against that party . . . ." (Emphasis added.) Thus, while a district court is permitted to enter judgment as a matter of law when it concludes that the evidence is legally insufficient, it is not required to do so. To the contrary, the district courts are, if anything, encouraged to submit the case to the jury, rather than granting such motions. As Wright and Miller explain:

   "Even at the close of all the evidence it may be de-

sirable to refrain from granting a motion for judgment as a matter of law despite the fact that it would be possible for the district court to do so. If judgment as a matter of law is granted and the appellate court holds that the evidence in fact was sufficient to go to the jury, an entire new trial must be had. If, on the other hand, the trial court submits the case to the jury, though it thinks the evidence insufficient, final determination of the case is expedited greatly. If the jury agrees with the court's appraisal of the evidence, and returns a verdict for the party who moved for judgment as a matter of law, the case is at an end. If the jury brings in a different verdict, the trial court can grant a renewed motion for judgment as a matter of law. Then if the appellate court holds that the trial court was in error in is appraisal of the evidence, it can reverse and order judgment on the verdict of the jury, without any need for a new trial. For this reason the appellate courts repeatedly have said that it usually is desirable to take a verdict, and then pass on the sufficiency of the evidence on a post-verdict motion." 9A Federal Practice §2533, at 319 (footnote omitted).

Thus, the District Court's denial of respondent's preverdict motion cannot form the basis of respondent's appeal, because the denial of that motion was not error. It was merely an exercise of the District Court's discretion, in accordance with the text of the Rule and the accepted practice of permitting the jury to make an initial judgment about the sufficiency of the evidence. The only error here was counsel's failure to file a postverdict motion pursuant to Rule 50(b).[6]

————————

[6] Respondent claims that its failure to renew its Rule 50(a) motion was in reliance on the Tenth Circuit's determination that it could order a new trial in the absence of a Rule 50(b) motion. But respondent

\*    \*    \*

For the foregoing reasons, we hold that since respondent failed to renew its preverdict motion as specified in Rule 50(b), there was no basis for review of respondent's sufficiency of the evidence challenge in the Court of Appeals. The judgment of the Court of Appeals is reversed.[7]

*It is so ordered.*

---

cannot credibly maintain that it wanted the Court of Appeals to order a new trial as opposed to entering judgment. And, as the Tenth Circuit has recognized, respondent could not obtain the entry of judgment unless it complied with Rule 50(b). *Cummings* v. *General Motors Corp.,* 365 F. 3d 944, 951 (2004). Respondent therefore had every incentive to comply with that Rule's requirements. Accordingly, we reject its contention that our application of Rule 50(b) to the instant case is impermissibly retroactive. See also *Harper* v. *Virginia Dept. of Taxation,* 509 U. S. 86, 97 (1993) ("[W]e can scarcely permit the substantive law to shift and spring according to the particular equities of individual parties' claims of actual reliance on an old rule and of harm from a retroactive application of the new rule" (internal quotation marks and brackets omitted)).

[7] We reject respondent's contention that it is entitled to a remand for reconsideration in light of *Phillips* v. *AWH Corp.*, 415 F. 3d 1303 (CA Fed. 2005). The Federal Circuit has already denied respondent's petition for rehearing raising this issue.

# SUPREME COURT OF THE UNITED STATES

No. 04–597

UNITHERM FOOD SYSTEMS, INC., PETITIONER *v.*
SWIFT-ECKRICH, INC., DBA CONAGRA
REFRIGERATED FOODS

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE FEDERAL CIRCUIT

[January 23, 2006]

JUSTICE STEVENS, with whom JUSTICE KENNEDY joins, dissenting.

Murphy's law applies to trial lawyers as well as pilots. Even an expert will occasionally blunder. For that reason Congress has preserved the federal appeals courts' power to correct plain error, even though trial counsel's omission will ordinarily give rise to a binding waiver. This is not a case, in my view, in which the authority of the appellate court is limited by an explicit statute or controlling rule. The spirit of the Federal Rules of Civil Procedure favors preservation of a court's power to avoid manifestly unjust results in exceptional cases. See *Johnson* v. *New York, N. H. & H. R. Co.,* 344 U. S. 48, 62 (1952) (Frankfurter, J., dissenting) ("'Procedure is the means; full, equal and exact enforcement of substantive law is the end'" (quoting Pound, The Etiquette of Justice, 3 Proceedings Neb. St. Bar Assn. 231 (1909))). Moreover, we have an overriding duty to obey statutory commands that unambiguously express the intent of Congress even in areas such as procedure in which we may have special expertise.

Today, relying primarily on a case decided in March 1947, *Cone* v. *West Virginia Pulp & Paper Co.,* 330 U. S. 212, and a case decided in January 1948, *Globe Liquor Co.* v. *San Roman,* 332 U. S. 571, the Court holds that the

Court of Appeals was "powerless" to review the sufficiency of the evidence supporting the verdict in petitioner's favor because respondent failed to file proper postverdict motions pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure in the trial court. *Ante*, at 10. The majority's holding is inconsistent with a statute enacted just months after *Globe Liquor* was decided. That statute, which remains in effect today, provides:

> "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U. S. C. §2106.

Nothing in Rule 50(b) limits this statutory grant of power to appellate courts; while a party's failure to make a Rule 50(b) motion precludes the *district court* from directing a verdict in that party's favor, the Rule does not purport to strip the courts of appeals of the authority to review district court judgments or to order such relief as "may be just under the circumstances." Nor do general principles of waiver or forfeiture have that effect. Cf. *ante*, at 9–10. It is well settled that a litigant's waiver or forfeiture of an argument does not, in the absence of a contrary statutory command, preclude the courts of appeals from considering those arguments. See *Singleton* v. *Wulff,* 428 U. S. 106, 121 (1976). Arguments raised for the first time on appeal may be entertained, for example, if their consideration would prevent manifest injustice. *Ibid.**

---

*The Court suggests that the Seventh Amendment limits appellate courts' power to review judgments under 28 U. S. C. §2106. See *ante*, at 7, n.4. I disagree with the Court's analysis in two respects. First, although the right to trial by jury might be implicated if no Rule 50(a) motion had been made, such a motion *was* made in this case. The Rule

STEVENS, J., dissenting

For the reasons articulated by the Court in *Cone*, 330 U. S., at 216, it may be unfair or even an abuse of discretion for a court of appeals to direct a verdict in favor of the party that lost below if that party failed to make a timely Rule 50(b) motion. Likewise, it may not be "just under the circumstances" for a court of appeals to order a new trial in the absence of a proper Rule 59 motion. Finally, a court of appeals has discretion to rebuff, on grounds of waiver or forfeiture, a challenge to the sufficiency of the evidence absent a proper Rule 50(b) or Rule 59 motion made in the district court. None of the foregoing propositions rests, however, on a determination that the courts of appeals lack "power" to review the sufficiency of the evidence and order appropriate relief under these circumstances, and I can divine no basis for that determination.

I respectfully dissent.

———

50(a) motion triggered the automatic reservation of "legal questions," Fed. Rule Civ. Proc. 50(b), and that reservation, in turn, averted any Seventh Amendment problem, see *Baltimore & Carolina Line, Inc.* v. *Redman,* 295 U. S. 654 (1935). Second, the Seventh Amendment imposes no greater restriction on appellate courts than it does on district courts in these circumstances; "[a]s far as the Seventh Amendment's right to jury trial is concerned, there is no greater restriction on the province of the jury when an appellate court enters judgment *n. o. v.* than when a trial court does." *Neely* v. *Martin K. Eby Constr. Co.,* 386 U. S. 317, 322 (1967).