**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-1115

DAVID J. ELLRICH, INDIVIDUALLY,

Plaintiff, Appellant.

_____

MORGAN FINANCIAL ADVISORS, INC.,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, d/b/a US Bank,
f/k/a Firstar Bank,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before
Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

David J. Ellrich on brief pro se.
Timothy C. Sullivan and Taft Stettinius & Hollister LLP on
brief for defendant, appellee.

March 13, 2008

**Per Curiam**.  David Ellrich, the plaintiff in the trial court, served as president of Morgan Financial Advisors ("Morgan"), which in turn served as investment advisor to the Convergent Market Fund Series II, LP ("Convergent").  Convergent was a Delaware-based hedge fund that traded in mutual fund indices and futures, a type of high risk investing.  From December 2000 until April 2003, Ellrich managed a custodial account on Convergent's behalf with U.S. Bank National Association ("U.S. Bank" or "Bank"), an Ohio corporation.

As custodian, U.S. Bank agreed, among other things, to process orders for the purchase or sale of securities for the accounts, to accept or withdraw sums upon Convergent's request, and, pertinently for our purposes, to provide Convergent's designee with monthly account statements showing all activity from the previous month and the value of each asset held in the account.

After Convergent dissolved in April 2003 and assigned its remaining interests to Ellrich, Ellrich brought suit in Massachusetts state court against U.S. Bank, claiming that Convergent's losses were caused by U.S. Bank's faulty record-keeping, violations of the Master Custody Agreement, and disregard for state banking laws.  In due course, the case was removed to the Massachusetts federal district court and a four-day trial was held.

Ellrich agreed at trial that only two of his claims should be submitted to the jury: first, that U.S. Bank had breached

-2-

the custody agreement by issuing erroneous account statements; and second, that U.S. Bank had violated Ohio banking laws by returning two overdraft checks issued to Morgan out of Convergent's account after the statutory "midnight deadline" for disavowal.  Ellrich agreed that a third claim, arising under a Massachusetts statute governing unfair trade practices, would be decided by the trial judge.

Both the jury and the judge found in favor of the Bank, and Ellrich now appeals from the final judgment.  The heart of Ellrich's argument at trial was that U.S. Bank violated the terms of the custody agreement by failing to provide proper monthly statements.  On appeal, Ellrich argues that he was entitled to judgment as a matter of law on his breach of contract claim because U.S. Bank conceded before trial that it had issued an erroneous statement to Convergent.

The short answer is that at trial Ellrich did not move for judgment as a matter of law on his breach of contract claim against U.S. Bank and this in turn bars him from making such a claim on appeal.  Fed. R. Civ. P. 50(b); Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 400-01 (2006).  Nor did Ellrich ask for a new trial after the jury returned its verdict, so he cannot press such a claim now.

As it happens, the jury would have been hard put to find that U.S. Bank's issuance of a single inaccurate statement caused

Ellrich any harm. The Bank's mistake was promptly corrected and Ellrich did not show that he made any trades in reliance on the inaccurate version. There appears to have been good reason for the failure to move for judgment as a matter of law.

Next, Ellrich complains that the district court incorrectly instructed the jury that only the December 2001 statements remained at issue even though his claim for breach of contract was based on a three-year "pattern" of contract violations. But Ellrich did not object to the instruction; indeed, at the charge conference Ellrich's counsel conceded that the breach of contract claim should be limited to the December 2001 events alone, seemingly because damages stemming from the other instances of alleged breach were too speculative. Any challenge to the jury instruction is therefore waived. United States v. Wall, 349 F.3d 18, 24 (1st Cir. 2003).

Ellrich then says that the trial court erred in refusing to admit testimony from his expert witness, William Gormley, about banking regulations and bank procedures. The district court pressed Ellrich's counsel to explain what Gormley's testimony would reveal about whether U.S. Bank's behavior accorded with its obligations under the Master Custody Agreement. Dissatisfied with counsel's vague response, the district court excluded Gormley's testimony.

We see no abuse of discretion in the district court's refusal to admit Gormley's testimony. <u>Baker</u> v. <u>Dalkon Shield Claimants Trust</u>, 156 F.3d 248, 251-52 (1st Cir. 1998). The court reasonably concluded that Gormley's proposed testimony was not relevant to the question of whether U.S. Bank violated the Master Custody Agreement. Even if relevance was not disputed, the meaning of the pertinent regulations was plainly a matter for the district court. <u>Nieves-Villanueva</u> v. <u>Soto-Rivera</u>, 133 F.3d 92, 99-100 (1st Cir. 1997).

Finally, Ellrich urges that the district court erred in its jury instruction on his claim that U.S. Bank violated state banking regulations by dishonoring two Convergent checks. The details are not important because Ellrich raised the instruction issue only in his reply brief, so it is forfeited. <u>Thomas R.W.</u> v. <u>Mass. Dep't of Educ.</u>, 130 F.3d 477, 480 (1st Cir. 1997).

<u>Affirmed</u>.