IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

Charles R. Fulbruge III
Clerk

No. 06-41575
Summary Calendar

NATHANIEL KEITH SINGLETON

Plaintiff-Appellant

v.

CORRECTIONAL OFFICER IV A THOMPSON; OFFICER ROBERTSON; OFFICER KANTOO; OFFICER FAIRLY; OFFICER HAVEN

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:02-CV-713

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nathaniel Keith Singleton, a former Texas prisoner, filed a 42 U.S.C. § 1983 action against various prison officials, including Correctional Officer Anthony Thompson. Singleton appeals the jury verdict in favor of Thompson in these civil proceedings. His motion for leave to file an out-of-time reply brief is granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Singleton maintains that the magistrate judge erroneously admitted the expert testimony of Dr. Bruce Smith, in violation of FED. R. EVID. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  Because Singleton did not challenge this testimony below, we review for plain error.  See Foradori v. Harris, 523 F.3d 477, 507-08 & n.26 (5th Cir. 2008).  Although Singleton notes that Smith did not review the actual X-rays of his injuries, he has pointed to no discrepancies between the X-rays and the radiology reports.  He also has not established that Smith's testimony was not based on accepted reasoning and methodology.  See Rule 702.  Singleton has not established that the admission of Smith's testimony constituted an error plain on the face of the record that affected his substantial rights.  See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

Singleton also contends that the evidence was insufficient to support the jury verdict and that the magistrate judge erred in accepting a jury verdict contrary to the law and the evidence presented.  However, Singleton's failure to file a motion for a new trial or for judgment as a matter of law precludes review of his sufficiency claim.  See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 398-404 (2006).  The judgment of the district court is thus affirmed.

AFFIRMED; MOTION GRANTED.