┌─────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1
└─────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013[*]
Decided December 5, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1117

| | |
|---|---|
| MARLETHA RANKINS, <br>     *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:11-cv-1153 |
| COUNTY OF MILWAUKEE, <br>     *Defendant-Appellee.* | J. P. Stadtmueller, <br> *Judge.* |

**O R D E R**

While being detained at the Milwaukee County Jail, Marletha Rankins was sexually assaulted by a correctional officer, James Howard. She brought suit under 42 U.S.C. § 1983 against Howard, individually, and the County of Milwaukee asserting due process and *Monell* custom or policy claims, *see Monell v. N.Y.C. Dep't of Soc. Servs.,*

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

436 U.S. 658, 690–91 (1978). Only the *Monell* claim is at issue in this appeal, and particularly the district court's pretrial ruling to grant the County's *motion in limine* to preclude any evidence of or reference to Howard's purported sexual assault of another inmate. The jury ultimately rejected the *Monell* claim. We affirm.

On the early morning when Rankins was twice assaulted by Howard, all the inmates at the jail were kept locked in their cells and only two correctional officers were monitoring the 48 cells on the Rankins's floor. Howard conducted cell inspections, walking the floor and peering in the windows of cells to check on inmates; a second officer staffed a central, floor-control panel. The second officer had access to video monitoring, and was responsible for coordinating, among other things, release and intake of inmates. But on the morning in question, that officer was not tracking Howard's activities, and Howard's assaults of Rankins went undetected. The next morning both Rankins and a second inmate, Shanika Thomas (who claimed also to have been sexually assaulted by Howard the previous day about an hour before Rankins), reported Howard's actions to another officer at the jail. The County investigated and fired Howard. He was also criminally prosecuted and convicted of sexually assaulting Rankins—for which he is currently serving a prison sentence—but acquitted of assaulting Thomas.

Rankins sued Howard, individually, and the County for violating due process[2] and *Monell*. With regard to the County, she argued that its failure to supervise its correctional officers was the "moving force" behind the sexual assault. Specifically, she contended that (1) the County should have installed a lighting system on the central, floor-control panel to alert the officer operating that panel whenever a cell door was opened, and (2) the officer at the floor-control panel should have been required to monitor the inspecting officer's movements through the cell block using the jail's video surveillance system. Had these policies been in place, Rankins maintained, the officer at the floor-control panel would have seen Howard enter Rankins's cell and could have prevented the assault.

Before trial the County filed a *motion in limine*, seeking to preclude any evidence of or reference to the purported Thomas assault. The County urged that such evidence

---

[2] As a pretrial detainee, Rankins was entitled by the due process clause of the Fourteenth Amendment to at least as much protection from harm as afforded to convicted criminals under the Eighth Amendment. *See Belbachir v. Cnty. of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013).

was irrelevant because, given his criminal conviction, Howard could not dispute assaulting Rankins. Even if relevant, the County added, Thomas's statements about the assault were inadmissable hearsay (Rankins intended not to call Thomas as a witness, but instead to rely on her statements in investigation reports). The district judge found that Howard had sexually assaulted Rankins (taking that question from the jury) and granted the County's *motion in limine*, concluding that evidence concerning Thomas was irrelevant to the remaining fact finding concerning the County's liability.

At trial both parties presented expert testimony about the feasibility of the policies suggested by Rankins. The jury found no liability on the County's part for Howard's actions.

On appeal, Rankins first argues that the district court erred by granting the County's *motion in limine* and precluding any reference to or evidence of Howard's purported sexual assault of Thomas. That Howard also managed to sexually assault another inmate on the same night he assaulted her, Rankins contends, underscores the deficiencies of the County's policies regarding the supervision of correctional officers. According to Rankins, the Thomas evidence was relevant to show that Howard's violation of her constitutional rights was caused by the County's decision not to install a lighting system on the floor-control panel or to require the officer staffing that panel to monitor the activities of the officer conducting cell inspections.

But even if evidence concerning Howard's purported sexual assault of Thomas (a non-party, non-witness) is sufficiently relevant to pass the "low threshold" required by Federal Rule of Evidence 401, *see Tennard v. Dretke*, 542 U.S. 274, 284–85 (2004), any error by the district court here was harmless, *see Jordan v. Binns*, 712 F.3d 1123, 1126 (7th Cir. 2013); *United States v. Johnson*, 624 F.3d 815, 819–20 (7th Cir. 2010). As the County points out, Thomas's out-of-court statements would be inadmissable to prove that a sexual assault occurred. *See* FED. R. EVID. 801(c), 802. Even if the reports containing Thomas's statements about her assault would be admissible as public records, each layer of hearsay must be independently admissible and Rankins identifies no rule exempting Thomas's reported statements from the hearsay bar. *See* FED. R. EVID. 803(8), 805; *Binns*, 712 F.3d at 1133. And even if Rankins had identified such an exception, Thomas (like Rankins) did not report her assault until the next morning, and thus her evidence would not help Rankins establish that the County should have been aware of the risks posed by its supervision policies and yet failed to act (as required for Rankins to succeed on a *Monell* claim). *See Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191–93 (7th Cir. 2013); *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000).

Rankins next poses several challenges to the sufficiency of the evidence supporting the jury's verdict in favor of the County. But because she did not file a motion under Federal Rule of Civil Procedure 50 at trial, she waived her sufficiency arguments on appeal. *See Unitherm Food Sys. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 401–02 (2006); *Carlson v. Bukovic*, 621 F.3d 610, 618 n.13 (7th Cir. 2010); *Consumer Prods. Research & Design, Inc. v. Jensen*, 572 F.3d 436, 437–38 (7th Cir. 2009).

AFFIRMED.