**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1203
_____

EMMA MILLER,
                                        Appellant

v.

TYCO ELECTRONICS, LTD.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-10-cv-02479)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 30, 2013

Before: RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Filed: January 6, 2014)
_____

OPINION
_____

PER CURIAM

     Pro se appellant Emma Miller appeals the jury's adverse verdict, claiming that it is

against the weight of the evidence.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

For the reasons detailed below, we will affirm the District Court's judgment.

This case concerns defendant Tyco Electronics, Ltd.'s termination of Miller's employment. For about eight years, Miller worked in a Tyco facility in East Berlin, Pennsylvania, and apparently performed satisfactorily. However, in 2007, the East Berlin facility closed, and Miller transferred to a plant in Harrisburg. There, Miller's responsibilities changed, and she struggled. Miller believed that she should have been given more training to allow her to succeed in her new role; Tyco contended that her training was sufficient. In any event, in November 2008, Miller's supervisor, James Smith, gave her the lowest-possible score in her performance review. Then, in March 2009, Tyco engaged in a reduction of force; as part of this reduction, it terminated all individuals in Miller's department who had received the lowest rating in their performance reviews or who had been the subject of a disciplinary action. Based on this criteria, Miller was laid off.

Miller then instituted an action in the District Court, claiming that Tyco violated her rights under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act by discriminatorily terminating her employment because of her gender and national origin (she is Filipino). Tyco filed a motion for summary judgment, which the District Court denied, and the case proceeded to trial. At the close of trial, the jury returned a verdict in favor of Tyco. Miller then filed a timely notice of appeal.

On appeal, Miller argues that the jury's verdict on each of her claims "was against the weight of the evidence." Because Miller repeatedly invokes the phrase "weight of the evidence," and relies on cases that apply that standard, we understand her to claim that

the District Court should have granted her a new trial.  See Greenleaf v. Garlock, Inc., 174 F.3d 352, 364-65 (3d Cir. 1999) (contrasting claims that the verdict was against the weight of the evidence with claims that the evidence was insufficient to support a jury's verdict).  Typically, we review weight-of-the-evidence claims for abuse of discretion.  See Montgomery Cnty. v. Microvote Corp., 320 F.3d 440, 445 (3d Cir. 2003).  A new trial should be granted on this basis only where the "great weight" of the evidence cuts against the verdict and "where a miscarriage of justice would result if the verdict were to stand."  Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1076 (3d Cir. 1996) (en banc).

Tyco contends, however, that Miller has failed to preserve this challenge for appeal.  We agree.  As the Supreme Court has held, "a party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court."  Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006).  Here, Miller (who was represented by counsel in the District Court) did not file a motion under Rule 50 or Rule 59 at any time after the jury returned its verdict.  She has therefore waived these claims.  See Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999).[1]

We will therefore affirm the District Court's judgment.

---

[1] The result would be the same if we construed Miller's brief to raise a sufficiency-of-the-evidence claim, as she would still have waived the claim on appeal by failing to file a post-trial motion.  See Unitherm Food Sys., Inc., 546 U.S. at 404-05.

3