*Perez v. County of Rensselaer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROBERT D. SACK,
> DENNY CHIN,
> *Circuit Judges*.

---

NELLIE A. PEREZ, as Administrator of the Estate of GERARD WIERZBICKI,

    *Plaintiff-Appellee*,

    v.                                        20-1245

COUNTY OF RENSSELAER, NEW YORK, AND LAURA BAUER, in her individual and official capacity as Director of Probation of Rensselaer County,

    *Defendants-Appellants*.[*]

---

For Defendants-Appellants:        THOMAS J. O'CONNOR (Shawn F. Brousseau, *on the brief*), Napierski, Vandenburgh, Napierski, & O'Connor, LLP, Albany, NY.

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

For Plaintiff-Appellee:                    A.J. BOSMAN, Bosman Law Firm, LLC, Blossvale, NY; Stephen Bergstein, Bergstein & Ullrich, New Paltz, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants, the County of Rensselaer, New York and Laura Bauer, Director of Probation of Rensselaer County (collectively, the "Defendants") appeal from a March 9, 2020 order of the district court denying Defendants' motion to (1) enter judgment as a matter of law under Rule 50(b); (2) enter judgment in accordance with the jury's specific answers on the verdict form under Federal Rule of Civil Procedure 49(b)(3)(A) and Rule 58; (3) alter or amend the judgment under Rule 59(e); or, (4) grant a new trial pursuant to Federal Rules of Civil Procedure 49(b)(3)(c), 50(b)(2), and 59(a).   Defendants pursued this post-verdict motion following a jury trial and judgment in favor of Plaintiff Nellie A. Perez, as Administrator of the Estate of Gerard Wierzbicki, on a claim of gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII").[1]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

    i.       **Rule 50(b)**

Defendants appeal the district court's denial of their request for judgment as a matter of law ("JMOL") in accordance with Rule 50(b).   We review a district court's denial of a Rule 50(b)

---

[1]  Gerard Wierzbicki's wife, Nellie A. Perez, substituted for Wierzbicki as plaintiff after Wierzbicki passed away during the pendency of this litigation.

motion de novo.  *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 180 (2d Cir. 2016).

A defendant "may file a renewed motion for judgment as a matter of law" "no later than 28 days after the jury was discharged," if the defendant moved for JMOL "before the case [was] submitted to the jury" pursuant to Rule 50(a).  Fed. R. Civ. P. 50(a)(2), (b).  On review of the record, we find that Defendants did not properly move for JMOL under Rule 50(a), which requires a defendant to "specify the judgment sought and the law and facts that entitle the movant to the judgment."  Fed. R. Civ. P. 50(a)(2).  To the extent that Defendants purported to request a directed verdict pursuant to Rule 50(a), Defendants failed to articulate any supporting law or facts before the district court.

Even if Defendants' Rule 50(a) motion were properly raised, Defendants' Rule 50(b) motion does not challenge the sufficiency of the evidence at trial; instead, Defendants appear to assert that the court should grant judgment as a matter of law because the jury's answers on the verdict sheet were inconsistent.  To the extent Defendants raised a Rule 50(a) motion in the district court, it did not do so on this basis (nor could it, as a Rule 50(a) motion must be raised before the case is submitted to the jury).  Because "a district court may only order a new trial on the basis of issues raised in a preverdict Rule 50(a) motion when ruling on a renewed motion under Rule 50(b)," *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006) (internal quotation marks omitted), we discern no error in the district court's denial of Defendant's Rule 50(b) motion.

### ii.    Rule 49(b)(3)

Defendants also appeal the district court's denial of their motion to enter judgment in accordance with the verdict form or, in the alternative, to grant a new trial pursuant to Rule

49(b)(3). Rule 49(b)(3) permits a court to take either of these actions, or to "direct the jury to further consider its answers and verdict," "[w]hen the answers [on a verdict form] are consistent with each other but one or more is inconsistent with the general verdict." Fed. R. Civ. P. 49(b)(3). Defendants assert that such an inconsistency occurred here.[2]

Defendants waived their Rule 49(b) motion, however, by "fail[ing] to make known its complaint before the jury was discharged." *Lavoie v. Pac. Press & Shear Co., a Div. of Canron Corp.*, 975 F.2d 48, 55 (2d Cir. 1992). We have explained that this "timely objection requirement [for Rule 49(b) motions] is 'not merely a technicality,'" but rather "serves 'to give the court and the opposing party the opportunity to correct an error in the conduct of the trial.'" *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 46 (2d Cir. 2015) (quoting *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006)). Because "counsel fail[ed] to seize the opportunity to raise an appropriate objection" *before* the jury was discharged, *id.* at 47 (quoting *U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1367 (2d Cir. 1988)), we decline to further consider Defendants' Rule 49(b)(3) objection now.

### iii. Rule 59

Ultimately, the Defendants' challenge to the inconsistency of the verdict form is, in fact, a challenge to the phrasing of the verdict form itself. A plaintiff is not entitled to a compensatory

---

[2] In particular, the verdict form asked the jurors two questions regarding Wierzbicki's Title VII gender discrimination claim. First, the form asked: "Did Nellie Perez prove by a preponderance of the evidence that Gerard Wierzbicki's gender was a motivating factor in one or more of Defendant the County of Rensselaer's decisions not to promote him to the Senior Probation Officer position or the Probation Supervisor position?" App'x 540. If the jurors answered "yes," they were instructed to proceed to Question 2, which asked: "Did the County of Rensselaer nevertheless prove by a preponderance of the evidence that even if Mr. Wierzbicki's gender was a motivating factor in any of its decisions not to promote him, that it nevertheless would have made the same decision even absent gender discrimination?" *Id.* Despite answering "yes" to Questions 1 and 2, the jury proceeded to award compensatory damages on Wierzbicki's Title VII claim in the amount of $130,000. Defendants allege that the award of damages was inconsistent with the jury's affirmative response to Question 2.

4

damage award under Title VII if the defendant succeeds on a mixed-motive defense, meaning that the defendant proves by a preponderance of the evidence that it "would have taken the same action in the absence of the impermissible motivating factor." 42 U.S.C. § 2000e-5(g)(2)(B). The verdict form asked jurors in Question 1 whether Perez had proven that gender was a motivating factor in any of the County's promotion decisions regarding Mr. Wierzbicki, and in Question 2 whether the County had nonetheless "prove[n] by a preponderance of the evidence that even if Mr. Wierzbicki's gender was a motivating factor in any of its decisions not to promote him, that it nevertheless would have made the same decision even absent gender discrimination." App'x 540. Under the "Damages" section of the verdict form, the jury was instructed to award damages "if, and only if, you answered YES to Question 1 . . . ." App'x 542. The "Damages" section omitted any reference to Question 2.

A "court may, on [a Rule 59] motion, grant a new trial on all or some of the issues . . . after a jury trial," Fed. R. Civ. P. 50(a)(1), if "verdict sheet errors deprived both defendant and plaintiff of a fair trial," *Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. and Med. Ctr.*, 425 F.3d 126, 130 (2d Cir. 2005). A challenge to the content of the verdict sheet, however, "must be raised before the jury retires to deliberate." *Anderson Grp. LLC*, 805 F.3d at 49. Because Defendants also did not timely object to the verdict sheet, this Court will only overlook Defendants' waiver of this objection upon a finding of "fundamental error." *See Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002).

This high standard of review dictates the outcome of this case. "Fundamental error is more egregious than the 'plain' error that can excuse a procedural default in a criminal trial and is 'so serious and flagrant that it goes to the very integrity of the trial.'" *Id.* (internal citation omitted) (quoting *Shade v. Housing Auth. of New Haven*, 251 F.3d 307, 313 (2d Cir. 2001)); *see*

*also Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 121 (2d Cir. 2004). The fundamental error standard thus requires us to tolerate inconsistences in a verdict caused by errors on a verdict form unless they are particularly "egregious." *Shade*, 251 F.3d at 313.

No such error occurred in this case. First, "a jury verdict will be reversed only when an appellant can show that the instructions as a whole prejudiced it." *SCS Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 343 (2d Cir. 2004) (quoting *Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.*, 290 F.3d 98, 115 (2d Cir. 2002)). Here, the judge's instructions to the jury, separate from the verdict form itself, correctly informed the jury that "Ms. Perez [was] not entitled to damages for any decision not to promote Mr. Wierzbicki for which the County of Rensselaer ha[d] proven by a preponderance of the evidence that it would have made the same decision even if discrimination based on gender had not been a motivating factor." App'x 530. The jury therefore did not lack guidance on when it could appropriately award compensatory damages. *Cf. Rodick v. City of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993) ("Without instruction on these important rules of damage calculation, the verdict form was an invitation to the jury to come up with an erroneous damage calculation."). Nor did the verdict form wholly contradict the court's instructions. Indeed, the verdict form's instruction to "state the amount of compensatory damages" "[i]f, and only if, [the jury] answered YES to Question 1," did not explicitly preclude the jury from factoring their response to Question 2 into the damage consideration. *Cf. Armstrong ex rel. Armstrong*, 425 F.3d at 136 (noting that an error on a verdict form turned what should have been a "prohibition" on recovery into a "prerequisite to recovery").

Second, in determining fundamental error, the Court should strive to adopt "a view of the case that makes the jury's answers to special interrogatories consistent." *SCS Commc'ns, Inc.*, 360 F.3d at 343 (quoting *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Inc.*, 369 U.S. 355,

364 (1962)). For reasons set forth by the district court in its February 2020 and March 2020 memoranda, the jury's award of compensatory damages in this case may have indicated that the jury acted on a different reading of Question 2 than the Defendants propose. Specifically, the jury may have interpreted Question 2 of the verdict form as asking whether the County had proven a mixed-motive defense in "any of its decisions not to promote" Wierzbicki. App'x 540. In answering "yes," the jury may have found that Defendants successfully established a mixed-motive defense on one or more of its promotion decisions, but not *all* of its promotion decisions for which gender was a motivating factor. For these latter decisions, damages would still be appropriate.

Finally, we decline to find fundamental error where, in addition to the facts above, the Defendants repeatedly failed to timely object to the verdict form or the inconsistency of the verdict. Defendants can hardly object to the "integrity of the trial," when the jury "faithfully followed [the] . . . verdict form" to which Defendants did not lodge a relevant objection, *Shade*, 251 F.3d at 313, and when the district court otherwise properly instructed the jury of the relevant law.

*     *     *

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7