**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6137**

_____

MICHAEL B. PERRY,

> Plaintiff - Appellant,

v.

N. BEAVER,

> Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-ct-03041-D)

_____

Submitted:  September 18, 2025                    Decided:  December 1, 2025

_____

Before THACKER, HARRIS, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael B. Perry, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael B. Perry appeals from the district court's judgment entered after the jury's verdict in his civil action. Liberally construing Perry's informal brief, Perry argues that the trial evidence was insufficient to support the verdict for the defendant. Because Perry did not comply with Fed. R. Civ. P. 50 in the district court, however, he may not now raise this argument on appeal. *See Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154 (4th Cir. 2012) ("To challenge the sufficiency of the evidence in a civil jury trial on appeal, a party must comply with [Fed. R. Civ. P.] 50."). Perry did not challenge the sufficiency of the evidence either before the case was submitted to the jury or after the return of the verdict and entry of judgment and has therefore forfeited such a challenge on appeal. *Id.*; *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006) (holding that a party's "failure to comply with Rule 50(b) forecloses its challenge to the sufficiency of the evidence").\*

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

\* Even if Perry could pursue his sufficiency of the evidence argument on appeal, we would reject it based on our review of the trial evidence. *See Alexander v. Connor*, 105 F.4th 174, 182 (4th Cir. 2024) (describing elements of Eighth Amendment excessive force claim); *Wiener v. AXA Equitable Life Ins.*, 58 F.4th 774, 784 (4th Cir. 2023) (explaining standard of review for preserved challenge to sufficiency of evidence under Fed. R. Civ. P. 50(b)).

2