**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-2284

RAMÓN ANTONIO BORRERO-McCORMICK,

Plaintiff, Appellant,

v.

UNIVERSITY OF HEALTH SCIENCES ANTIGUA SCHOOL OF MEDICINE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Torruella, Stahl and Lipez,
Circuit Judges.

José Javier Santos Mimoso on brief for appellant.

July 17, 2009

**Per Curiam**.  This appeal arises from a breach of contract action brought by Ramón Antonio Borrero McCormick against the University of Health Sciences Antigua School of Medicine, alleging that the University breached its contract to provide him with a medical degree despite his completion of all applicable requirements, in particular, the required clinical rotations.  By way of relief, he sought both damages and equitable relief, i.e., a medical degree.  The district court reserved the propriety of equitable relief to itself, but the case proceeded to a jury trial on liability and damages.  After Borrero rested his case, the University moved for entry of judgment in its favor, and the district court granted the motion.  This is an appeal from that ruling.

As we recently reiterated, "[a] trial court confronted with a motion for judgment as a matter of law must scrutinize the evidence and the inferences reasonably extractable therefrom in the light most hospitable to the nonmovant.  In conducting that perscrutation, . . . the court must not pass upon the credibility of the witnesses, resolve evidentiary conflicts, or engage in a comparative weighing of the proof.  A motion for judgment as a matter of law may be granted only if the evidence, viewed from this perspective, adumbrates a result as to which reasonable minds could not differ."  Martínez-Serrano v. Quality Health Servs., Inc., 568 F.3d 278, 285 (1st Cir. 2009) (citations omitted).  Not only is

-2-

that legal standard inhospitable to such motions, but also, as we have repeatedly cautioned, interests of judicial economy counsel against granting such motions, particularly before all the evidence is in. Rather, "in most cases a trial court will be better advised to reserve decision on . . . a motion [for judgment as a matter of law], passing on the legal question only after submitting the case to the jury. Mid-trial directed verdicts should be the exception, not the rule." Gibson v. City of Cranston, 37 F.3d 731, 735 n.4 (1st Cir. 1994); EnergyNorth Natural Gas, Inc. v. Century Indem. Co., 452 F.3d 44, 50 (1st Cir. 2006) (citing Unitherm Food Sys. Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 405-06 (2006)).

Here, the district court purported to apply the above standard. However, in fact, it expressly drew inferences against Borrero and implicitly found him and one of his witnesses incredible. Contrary to the district court's conclusion that "the evidence in favor of Defendant is so overwhelming that reasonable persons could not arrive at a contrary verdict," the evidence that had been presented when the motion for judgment was granted was legally sufficient--though conflicting and dubious in some respects--for a reasonable jury to conclude that Borrero had completed the required clinical rotations.

Specifically, at the outset of the trial, the parties stipulated that the required rotations were as follows: internal medicine, 12 weeks; surgery, 12 weeks; obstetrics and gynecology,

-3-

8 weeks; pediatrics, 6 weeks; psychiatry, 6 weeks; family medicine, 4 weeks; and electives, 30 weeks. Near the end of Borrero's case, they further stipulated to the accuracy of a chart showing that Borrero completed the required number of weeks of internal medicine, surgery, obstetrics and gynecology, and family medicine and more than the required number of weeks of pediatrics, psychiatry, and electives on particular dates. That chart was consistent with Borrero's own testimony and with the dates appearing on evaluations signed by the doctors who supervised each of the rotations. In addition, two doctors at the hospital where most of the rotations were performed certified that Borrero had completed all of the required rotations.

To be sure, there was conflicting evidence (despite the above-referenced stipulation) as to the dates on which some of the rotations were performed. And, when confronted with that evidence, the certifying doctors conceded that their certifications may have been inaccurate in that respect. Nevertheless, at least one of those doctors maintained that even if the dates certified were incorrect, Borrero had put in the requisite time in each specialty. Despite the University's efforts to impeach that witness's credibility, the jury could have believed him.

From the University's opening statement and its argument in support of its motion for judgment, it appears that its theory of the case was that Borrero did not complete the required

rotations because some of the rotations admittedly overlapped with others. However, up to the point when the motion for judgment was granted, there was no evidence that the University prohibited medical students from performing overlapping rotations. Borrero himself and the doctor in charge of the clinical rotation program at the hospital where Borrero did his rotations testified that they were not aware of any such prohibition; no such requirement appeared in any of the written agreements introduced; and the jury could have credited the testimony of one of the doctors that a student could learn about more than one specialty at once because treatment of one patient might involve interaction with doctors in various fields; for example, delivery of a baby by Caesarian section might involve obstetrics, anaesthesiology, surgery, and pediatrics. Moreover, because it was stipulated that Borrero performed more than the required number of weeks in several areas, some overlap would not necessarily mean that he fell short of the required weeks in each area.

Similarly, at the time the motion was granted, there had been no testimonial or documentary evidence presented as to why the University did not permit Borrero to graduate. Borrero testified that the University never explained its decision to him and no rationale appears in any of the documentary evidence that had been admitted up to that point. In its opening statement, the University promised that an explanation would be provided through

the testimony of University officials, but that testimony was pretermitted by the granting of the motion.  Although it is true that a court should defer to the professional judgment of academic officials on such matters, Mangla v. Brown University, 135 F.3d 80, 84 (1st Cir. 1998), here there was no evidence of a judgment to which the court could defer.

In sum, this is not a case where there was no evidence on an essential element of the plaintiff's claim, cf. Martínez-Serrano, 568 F.3d at 287, or where the evidence that had been presented at the time that the motion was granted was so one-sided that no rational jury could have found in Borrero's favor, cf. Mangla, 135 F.3d at 84.  Because the district court therefore erred in granting the motion at that point, we vacate the judgment.  In doing so, we recognize the burden that this places on the district court; however, that burden could have been avoided if that court had heeded our advice of reserving judgment on a mid-trial motion for judgment and allowing the case to go to the jury first.

Vacated and remanded. See 1st Cir. R. 27.0(c).  No costs are awarded.