Justice Thomas,
with whom Justice Scalia and Justice Kennedy join,
concurring in the judgment.
We granted certiorari to decide the narrow question whether a party may appeal an order denying summary judgment after a full trial on the merits. I agree with the Court that the answer is no. See ante, at 183-184. The Court also reaches beyond that question, however, to address the effect of Jordan and Bright’s failure to renew their motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). I would limit our decision to the question presented and remand,for consideration of any additional issues.
As the Court concludes, a party ordinarily cannot appeal an order denying summary judgment after a full trial on the merits. See ante, at 188-189. Most such orders are not appealable at all, because they neither qualify as “final decisions” capable of appeal under 28 U. S. C. § 1291 nor come within the narrow class of appealable interlocutory orders under § 1292(a)(1). And for those that are appealable,* the time for filing an appeal will usually have run by the conclusion of the trial. See § 2107(a) (providing that a notice of *193 appeal in a civil case generally must be filed “within thirty days” after entry of the relevant judgment or order); Fed. Rule App. Proc. 4(a)(1)(A).
This case is the ordinary case. Even if the order denying summary judgment qualified under the collateral order doctrine as an appealable “final decision” under § 1291, the time for filing that appeal expired long before trial. Ante, at 188-189. The Court of Appeals therefore lacked jurisdiction to review the order. I would reverse the judgment on that ground alone and remand for further proceedings.
The majority proceeds to consider the additional question whether Jordan and Bright’s failure to file a Rule 50(b) motion deprived the Court of Appeals of the “ ‘powe[r]’ ” to review the sufficiency of the trial evidence. See ante, at 185, 189 (quoting Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc., 546 U. S. 394, 405 (2006)). The Court does so because it concludes that the Court of Appeals did not confine itself to the pretrial record and instead reviewed the trial evidence. Ante, at 184-185.
I do not think it necessary to reach beyond the question presented. It is clear from the opinion that the appeals court reviewed the order denying summary judgment, and that was error. The Court of Appeals explained that “[a]l-though courts normally do not review the denial of a summary judgment motion after a trial on the merits,” this case “is an exception to th[at] rule.” 316 Fed. Appx. 449, 453 (CA6 2009). And to support that conclusion, the court cited Goff v. Bise, 173 F. 3d 1068 (1999), in which the Eighth Circuit reviewed an order denying summary judgment. Finally, the Court of Appeals equated its review in this case to the review of an “interlocutory appea[l] of qualified immunity,” which suggests that the court saw itself as reviewing the interlocutory order denying summary judgment. 316 Fed. Appx., at 453. Whether, in erroneously reviewing the order denying summary judgment, the Court of Appeals considered the pretrial or full trial record is beside the point.
*194 I also think it unwise to reach the Rule 50 issue and the questions that follow. Ortiz's opening brief at the merits stage focused on the question presented — whether the Court of Appeals lacked jurisdiction to review an order denying summary judgment. It was not until Jordan and Bright's response brief in this Court, in which they argued that they had not actually appealed the order denying summary judgment, that the Rule 50 issues were addressed at any length. This Court normally proceeds more cautiously. Moreover, the Court of Appeals did not address these issues at all, and we are ordinarily “a court of final review and not first view.” Adarand Constructors, Inc. v. Mineta, 534 U. S. 103, 110 (2001) (per curiam) (internal quotation marks omitted). This seems a good rule to follow in a case like this, which raises difficult and far-reaching questions of civil procedure.
For these reasons, I would resolve only the question on which we granted certiorari. I concur in the judgment.

See Mitchell v. Forsyth, 472 U. S. 511, 524-530 (1985) (holding that some orders denying summary judgment constitute ‘“final decisions’” under the collateral order doctrine).