[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10656
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-22502-JEM

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ONE RENEGADE GO-FAST VESSEL,
Registered as FL 0174 NR and Inventory,

Defendant,

VLADIMIR PRIETO,

Claimant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Vladimir Prieto appeals the civil forfeiture in rem of his vessel, the One Renegade Go-Fast Vessel, pursuant to 8 U.S.C. § 1324(a), (b). No reversible error has been shown; we affirm.

The United States Coast Guard observed the vessel off the coast of Florida traveling at a high rate of speed and without activated running lights. Officers intercepted the vessel and discovered 2 crew members, 31 undocumented Cuban aliens, and an excessive amount of fuel. The crew members pleaded guilty to conspiring and attempting to smuggle aliens into the United States, in violation of section 1324(a).

The government sought forfeiture of the vessel pursuant to section 1324(b); and Prieto filed a claim of interest as the vessel's owner. He, in part, asserted that he knew nothing about the vessel being used for illegal purposes and, thus, was an innocent owner. After a trial, the jury returned a special verdict finding that the vessel was used to facilitate the commission of alien smuggling and that Prieto was not an innocent owner.

At trial, the court admitted into evidence the transcripts of the plea colloquies and criminal judgments of the vessel's two crew members. On appeal, Prieto argues that the court erred in admitting this evidence as statements against interest under Fed.R.Evid. 804(b)(3) because the government did not establish that

the declarants were unavailable.

In the district court, Prieto objected to the admission of the evidence on grounds that the statements contained in the transcripts and judgments did not constitute statements against penal interest. He made no objections about the unavailability of declarants.[*] To preserve an issue for appeal, a party "must first clearly present it to the district court . . . in such a way as to afford the district court an opportunity to recognize and rule on it." United States v. Land, 163 F.3d 1295, 1302 (11th Cir. 1998) (citation omitted). And, except under special circumstances not present here, we will not consider issues raised for the first time on appeal. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). Because Prieto did not preserve his argument about the unavailability of the crew members in the district court, we will not consider it now.

Prieto also challenges the sufficiency of the evidence. He argues that (1) insufficient evidence existed to show that the vessel was involved in the commission of a criminal offense and (2) sufficient evidence existed for the jury to find that he was an innocent owner of the vessel. But Prieto preserved neither of these challenges for appeal. Under Fed.R.Civ.P. 50(a), a party may challenge the

---

[*] The government filed a memorandum about its intent to introduce the pertinent court records and indicated specifically that the two crew members were unavailable because they had invoked their Fifth Amendment privilege against self-incrimination.

3

sufficiency of the evidence before the case is submitted to the jury; and Rule 50(b) "sets forth the procedural requirements for renewing a sufficiency . . . challenge after the jury verdict and entry of judgment." Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 126 S.Ct. 980, 985 (2006). When a party fails to file a post-verdict motion, pursuant to Rule 50(b), we are "without power to direct the District Court to enter judgment contrary to the one it had permitted to stand," or to grant a new trial. Id. at 985, 988.

Prieto moved for judgment as a matter of law only at the close of the government's case in chief and never renewed the motion or filed a motion for a new trial after the verdict, as required. And his original motion asserted only that the government failed to establish that the vessel's passengers were aliens, lacking authorization to enter the United States, and failed to mention his innocent owner defense. See Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 903 (11th Cir. 2004) (explaining that a "renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury"). Accordingly, we are precluded from reviewing his sufficiency arguments on appeal.

AFFIRMED.