[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10890
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cv-00399-MCR-CJK


KAMAU KINIUN,

Plaintiff-Intervenor Defendant-
Counter Defendant-Cross
Defendant-Appellant,

STONEBRIDGE LIFE INSURANCE COMPANY INC,

Intervenor Plaintiff,

versus

MINNESOTA LIFE INSURANCE COMPANY,

Defendant-Third Party Plaintiff-
Counter Claimant,

RONALD STRICKLAND,

Intervenor Defendant-
Third Party Defendant-
Cross Defendant-
Appellee,

AUSTIN BROUGHTON, JR.,
IRMA STANTON,
STEVE DOUGLAS BROUGHTON, et al.,

Third Party Defendants-
Cross Defendants-
Appellees,

EDDIE LEE YOUNG,

Third Party Defendant-
Appellee,

MICHAEL GRANDISON,
IKE GRANDISON,
CLARANCE GRANDISON,
ADELL GRANDISON,

Third Party Defendants-
Cross Claimants-Appellees,

RONALD STRICKLAND,
IRMA STANTON,
STEVE DOUGLAS BROUGHTON,
FREDERICK BROUGHTON,

Third Party Defendants-
Cross Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 11, 2013)

Before CARNES, Chief Judge, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

2

Kamau Kiniun, proceeding *pro se*, appeals from the judgment entered after a jury verdict in favor of the defendants at trial.  This case arose following the murder of Kiniun's mother, Gloria Strickland, and the subsequent refusal of several insurance companies to pay out her death benefits to Kiniun.  Kiniun filed complaints against these insurance companies because they refused to pay out the insurance proceeds while Kiniun was a suspect in his mother's murder.  Kiniun brings three issues on appeal, which we address in turn.  After review, we affirm the district court.

*Summary judgment*

Kiniun first contends the district court erred in denying his motion for summary judgment.   However, because the case proceeded to a full trial and judgment on the merits, we will not review the denial of Kiniun's motion for summary judgment.  *See Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1286 (11th Cir. 2001) (holding we will not review a pretrial denial of a motion for summary judgment after a full trial and judgment on the merits).

*Evidentiary rulings*

Second, Kiniun asserts the district court abused its discretion in denying his fifth motion in limine to exclude evidence of a restraining order obtained by Strickland against Kiniun, and his seventh motion in limine to exclude evidence that Kiniun refused to submit DNA evidence.  A district court's evidentiary rulings

3

are reviewed for an abuse of discretion.  *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1333 (11th Cir. 2011).  We will leave undisturbed a district court's evidentiary ruling unless we find the court made a clear error of judgment, or applied the wrong legal standard.  *Id.*  Additionally, "we will not overturn an evidentiary ruling unless the moving party establishes a substantial prejudicial effect."  *Id.* (quotations omitted).  This showing is made when the moving party demonstrates the error "'probably had a substantial influence on the jury's verdict.'"  *Id.* (quoting *Proctor v. Fluor Enters.,* 494 F.3d 1337, 1352 (11th Cir. 2007)).

The district court did not abuse its discretion in denying Kiniun's fifth and seventh motions in limine.  As to the evidence of Strickland's prior restraining order against Kiniun, the restraining order was relevant both as rebuttal evidence if Kiniun offered evidence that he and Strickland had a good relationship and as evidence to show Kiniun's intent and motive.

As to the evidence of Kiniun's refusal to submit DNA evidence, Kiniun could not cite to—and the district court could not locate—any authority for the proposition that a party's refusal to provide a DNA sample is inadmissible in a civil action.  Because Kiniun initially put the cause of his mother's death at issue by filing a lawsuit for the insurance proceeds, and because he remained a prime suspect in the murder, his refusal to submit

4

DNA evidence until ordered to by the court was relevant to Kiniun's consciousness of guilt. Accordingly, the district court did not abuse its discretion in denying Kiniun's fifth and seventh motions in limine.

Furthermore, assuming *arguendo* the district court did abuse its discretion, it is impossible for Kiniun to show that the error "probably had a substantial influence on the jury's verdict." *See Burchfield*, 636 F.3d at 1333. Kiniun did not file a transcript of the trial proceedings with this Court. Without a trial transcript, it is impossible to tell if the evidence complained of in Kiniun's fifth and seventh motions in limine was offered and admitted at trial. Therefore, it is also impossible to show that any error in admission of the evidence "probably had a substantial influence on the jury's verdict." Accordingly, we affirm the denial of Kiniun's fifth and seventh motions in limine.

*Sufficiency of the evidence*

Finally, Kiniun contends that the jury verdict is not supported by sufficient evidence. The Supreme Court has explained that, if a party fails to make a Rule 50(b) motion, an appellate court lacks the power to direct the district court to enter a judgment in favor of that party. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01 (2006). Additionally, "*pro se* appellants, like appellants represented by counsel, must provide trial transcripts in the appellate record to enable this Court to review challenges to sufficiency of the evidence."

*Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Failure to comply with Federal Rule of Civil Procedure 10(b)(2)'s requirement of a trial transcript results in affirmation of the finding of the district court, because this Court is unable to review the alleged error. *See id.*

The civil trial minutes show that Kiniun made a motion for judgment as a matter of law at the close of the defendants' case, and the court took the motion under advisement. The minutes make no indication that Kiniun made a renewed motion for judgment as a matter of law after the jury verdict. There is also no indication that Kiniun made a motion for new trial under Rule 59. Because the record gives no indication that Kiniun filed any post-verdict or post-judgment motions, under *Unitherm*, we have no authority to consider a challenge to the sufficiency of the evidence. *See Unitherm*, 546 U.S. at 400-01, 407. Further, we are unable to review a sufficiency of the evidence challenge because we lack trial transcripts. *See Loren*, 309 F.3d at 1304.

Accordingly, the entry of final judgment by the district court must be affirmed.

**AFFIRMED.**