**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDIA DOSSAT, | No. 12-17678 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-00245-KJD-PAL |
| v. | |
| F. HOFFMANN-LA ROCHE LTD., DBA Roche Labs and ROCHE LABORATORIES, INC., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Argued and Submitted February 11, 2015
San Francisco, California

Before: THOMAS, Chief Judge, and McKEOWN and W. FLETCHER, Circuit
Judges.

Hoffman-La Roche Inc. and Roche Laboratories Inc. (collectively, "Roche")

appeal the district court's denial of its motions for judgment as a matter of law with

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

respect to Randy Dossat's claim for intentional infliction of emotional distress ("intentional infliction claim").[1] We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the denial of Roche's motions for judgment as a matter of law. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 941 (9th Cir. 2011). We affirm. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

I

The district court correctly concluded that issues of material fact precluded it from granting Roche's Rule 50(a) motions for judgment on Dossat's intentional infliction claim. The district court's decision to submit the intentional infliction claim to the jury was therefore proper. Furthermore, "while a district court is *permitted* to enter judgment as a matter of law [under Rule 50(a)] when it concludes that the evidence is legally insufficient, it is not *required* to do so." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006) (emphasis added). "To the contrary, the district courts are, if anything, encouraged to submit the case to the jury, rather than granting such motions." *Id.*

---

[1] While this appeal was pending, Claudia Dossat was substituted as a party for her spouse, Randy Dossat.

II

Roche contends that the district court should have granted its Rule 50(b) motion because Dossat failed to present sufficient evidence to prevail on his intentional infliction claim as a matter of law.

"We review a jury's verdict for substantial evidence in ruling on a properly made motion under Rule 50(b)." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). Thus, the "'jury's verdict must be upheld if it is supported by . . . evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion.'" *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 955 (9th Cir. 2011) (citation omitted).

In this case, substantial evidence supports the jury's conclusion that Roche's conduct toward Dossat was "extreme and outrageous." Specifically, Dossat presented evidence showing that his supervisor yelled and cursed at him; that his superior made a trigger-pulling gesture to indicate that Dossat was about to be fired; and that Roche reprimanded him and docked his pay, despite his strong sales numbers, because he filed an age discrimination charge with the Nevada Equal Rights Commission based on his being fired just before becoming eligible for a larger retirement package. Taken together, particularly in light of our deferential

standard of review, this evidence is sufficient to support the jury's verdict on his intentional infliction claim.

Roche's argument that an employer's personnel management decisions may not, as a matter of Nevada law, give rise to intentional infliction claim liability is not supported by Nevada law. *See Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (upholding a jury verdict in favor of an employee who brought an intentional infliction claim against her former employer based on the employer's personnel management actions); *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (Nev. 1995) (rejecting defendant-employer's "argument that Nevada does not recognize an action for intentional infliction of emotional distress in the employment context"). Roche's contention that the jury's verdict must be overturned for public policy reasons is likewise precluded by *Dillard*.

**AFFIRMED.**

4