13-4282-cv (L)
Jackson v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand fifteen.

PRESENT:  JOHN M. WALKER, JR.,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*
------------------------------------------------------------------------
NANCY JACKSON,
                    *Plaintiff-Appellant*,


          v.                                              13-4282-cv (L),
                                                          13-4306-cv (CON)


CITY OF NEW YORK, JOHN DAMMACCO, Police Officer, MONTESQUIEU, Sergeant, JOHN DOE, Police Officer #1, P.O. SHAWN JOHNSTON, P.O. DANIELLE CAMPO, RACHARD ROE (names and number of whom are unknown at present) and other unidentified members of the New York City Police Department,
                    *Defendants-Appellees*,

1

QUEENS COUNTY DA RICHARD BROWN, ADA LEE
BERGSTEIN,

> *Defendants.*

---------------------------------------------------------------------

APPEARING FOR APPELLANT:     ROBERT RAMBADADT, The Rambadadt Law
                             Office, New York, New York.

APPEARING FOR APPELLEES:     RONALD E. STERNBERG, of Counsel, *for*
                             Zachary W. Carter, Corporation Counsel of the
                             City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District
of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment entered on October 8, 2013, is AFFIRMED.

Plaintiff Nancy Jackson, who sued pursuant to 42 U.S.C. § 1983 for unlawful
seizure, false arrest, excessive force, failure to intervene, and malicious prosecution,
appeals from a judgment entered in favor of defendants after a jury trial. We assume the
parties' familiarity with the facts and the record of prior proceedings, which we reference
only as necessary to explain our decision to affirm.

Jackson argues that the district court erred in entering judgment as a matter of law
because she presented legally sufficient evidence to prove each of her claims.[1] This

---

[1] Although Jackson argues that judgment as a matter of law was entered pursuant to Rule
50(a), the district court expressly stated that it acted "pursuant to Rule 50(b)(3)." J.A. 29;
compare Fed. R. Civ. P. 50(a) (stating that motion may be made "at any time before the
case is submitted to the jury" (emphasis added)), with Fed. R. Civ. P. 50(b) ("If the court
does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is
considered to have submitted the action to the jury subject to the court's later deciding the
legal questions raised by the motion. No later than 28 days after the entry of judgment[,]

2

argument is largely beside the point, however, given the jury's verdict for defendants on all of Jackson's claims, except that for false arrest against Officer Montesquieu. Thus, any error by the district court in stating that it was granting judgment as a matter of law generally, as opposed to specifically on the false arrest claim based on qualified immunity, was harmless because vacating the district court's judgment based on Fed. R. Civ. P. 50(b)(3) would result only in reinstatement of the judgment based on the jury's verdict in favor of defendants. See, e.g., Tolbert v. Queens Coll., 242 F.3d 58, 78 (2d Cir. 2001) (reversing district court's entry of judgment as a matter of law under Rule 50(b) and remanding for entry of amended judgment reinstating jury verdict). At no point below did Jackson argue that the jury verdict was against the weight of the evidence or seek a new trial on that basis under Rule 59. See Farrior v. Waterford Bd. of Educ., 277 F.3d 633, 634 (2d Cir. 2002); see also Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."). Thus, she has forfeited the right to do so on appeal. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006).

As for Jackson's false arrest claim, the district court did not clearly state whether it entered judgment for Officer Montesquieu based on Jackson's failure to present legally sufficient evidence, qualified immunity, or both. In any event, any error was harmless in light of the jury's determination that Montesquieu was entitled to qualified immunity, which Jackson does not challenge on appeal. See Zalaski v. City of Hartford, 723 F.3d

---

. . . the movant may file a renewed motion for judgment as a matter of law . . . .), and Fed. R. Civ. P. 50(b)(3) ("In ruling on the renewed motion, the court may . . . direct the entry of judgment as a matter of law.").

3

382, 390 (2d Cir. 2013) ("Even where a reviewing court . . . concludes that probable cause to arrest was lacking . . . , an officer will still be entitled to qualified immunity if he can establish that there was 'arguable probable cause to arrest.'" (internal quotation marks and alteration omitted)); see also Pearson v. Callahan, 555 U.S. 223, 245 (2009) (stating that "it is improper to subject [officers] to money damages for their conduct" where "unlawfulness of [their] conduct . . . was not clearly established" and officers are entitled to qualified immunity).[2]  Accordingly, Jackson has identified no reversible error in the district court's entry of judgment as a matter of law under Rule 50(b).

Jackson has not argued—either before the district court or on appeal, until her reply brief—that the jury's verdict was inconsistent under Rule 49, insofar as it both found Officer Montesquieu entitled to qualified immunity and awarded punitive damages against him.  See Cash v. Cnty. of Erie, 654 F.3d 324, 342–44 (2d Cir. 2011) (observing that, in some circumstances, inconsistent verdicts may require that judgment be vacated).  Nor

---

[2] Because Jackson did not object to the district court's decision to charge the jury on qualified immunity—either below or on appeal—any such argument is waived or at least forfeited.  See Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Pelella, 350 F.3d 73, 87 (2d Cir. 2003) (waiver); Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 141 (2d Cir. 1999) (forfeiture).  We express no view as to the propriety of that procedure here.  Compare Stephenson v. Doe, 332 F.3d 68, 81 (2d Cir. 2003) (observing that "ultimate legal determination of whether qualified immunity attaches to a law enforcement agent's actions is a question of law better left for the court to decide" (internal quotation marks omitted)), with Taravella v. Town of Wolcott, 599 F.3d 129, 135 (2d Cir. 2010) (noting that qualified immunity presents "mixed question of law and fact," and "[a]lthough a conclusion . . . as a matter of law may be appropriate where there is no dispute as to the material historical facts, if there is such a dispute, the factual question must be resolved by the factfinder" (emphasis added) (internal quotation marks omitted)).

has she argued that any error in the jury instructions requires a new trial under Rule 59. See Velez v. City of New York, 730 F.3d 128, 134 (2d Cir. 2013) (stating that erroneous jury instruction requires new trial, unless error is harmless). As a result, any such arguments are waived or certainly forfeited, and we do not further consider them here. See Kosmynka v. Polaris Indus., Inc., 462 F.3d 74, 83 (2d Cir. 2006) ("It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury."); Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Pelella, 350 F.3d at 87 ("A party that fails to object to a jury instruction at trial waives the right to make that instruction the basis for an appeal." (internal quotation marks omitted)); see also Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d at 141 (holding argument forfeited where party failed to raise it until reply brief).

We have considered Jackson's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court