

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIE JEAN REIGHARD, | No. 12-35161 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-00350-JLQ |
| v. | MEMORANDUM* |
| WAYNE LONGO; CITY OF COEUR D'ALENE; COEUR D'ALENE POLICE DEPARTMENT; BRIAN BRUMBAUGH; JEFF WALTHER; JARED RENEAU, Officer; JOHN DOE, 1-10; JANE DOE, 1-10, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Justin L. Quackenbush, District Judge, Presiding

Submitted September 19, 2016**

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Natalie Reighard appeals *pro se* from the entry of judgment against her on a 42 U.S.C. § 1983 claim that Officer Jared Reneau of the City of Coeur D'Alene groped her during a search incident to arrest. The case went to trial and at the conclusion of evidence Reighard filed a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. The district court denied the motion, concluding there was a factual dispute for the jury to resolve. Reighard subsequently filed a Rule 50(b) motion for judgment notwithstanding the verdict and for a new trial. In her notice of appeal, Reighard limited her appeal to the denial of the Rule 50(a) motion. We affirm.

Because Reighard did not appeal the district court's denial of her Rule 50(b) motion we are limited to examining whether or not the district court erred in denying her pre-trial Rule 50(a) motion. As the Supreme Court has explained, under Rule 50(a), "while a district court is permitted to enter judgment as a matter of law when it concludes the evidence is legally insufficient, it is not required to do so." *Unitherm Food Systems v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006). Because of the existence of such discretion vested in the trial court, the "denial of [a party's] preverdict motion cannot form the basis of [an] appeal." *Id.* at 406. The denial of a Rule 50(a) motion is "not error . . . [i]t [is] merely an exercise of the District Court's discretion, in accordance with the text of the Rule and the accepted

2

practice of permitting the jury to make an initial judgment about the sufficiency of the evidence." *Id.* Accordingly, we affirm the district court's denial of Reighard's Rule 50(a) motion.

Although it is not entirely clear that Reighard has appealed the district court's denial of her post-trial Rule 50(b) motion, assuming that she has, the district court did not err in denying that motion, either.[1] Reighard does not dispute the validity of her DUI arrest or the reasonableness of the exterior search of her person. Her trial theory was instead that the search became unreasonable when Officer Reneau used his ungloved, non-searching hand, which was behind her back, to reach under her dress and fondle her bare buttocks and vagina. Officer Reneau testified that he wore gloves and conducted a search in accordance with protocols designed to find weapons. He explained that he needed to reach under her dress, but denied knowing that Reighard wore no undergarments. Officer Reneau also testified that, if any contact with Reighard's bare buttocks or vagina occurred, it was not intentional. This case involved conflicting testimony on basic

---

[1] Reighard has not provided the court "a transcript of all evidence relevant" to the jury's finding that Officer Reneau did not violate her constitutional rights. Fed. R. App. P. 10(b)(2). Although we discuss the merits of her appeal, her failure to comply with this obligation would be sufficient reason to dismiss her appeal. *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam).

3

elements of the claim. Viewing the evidence in the light most favorable to Officer Reneau, as we must, a reasonable jury could have found that the search was reasonable under the Fourth Amendment.

Finally, although Officer Reneau admitted to touching Reighard's bare thigh to search for concealed weapons, we are unpersuaded that this fact alone made the search unreasonable. This court has held that searches as intrusive as strip and body cavity searches may sometimes be reasonable under the Fourth Amendment. *See Ward v. Cty. of San Diego*, 791 F.2d 1329, 1332–33 (9th Cir. 1986); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1446 (9th Cir. 1991).

**AFFIRMED.**