UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2204

APEX CUSTOM HOMES, L.L.C.,

Plaintiff - Appellee,

v.

RONALD L. O'KELLEY; LESLEY S. O'KELLEY,

Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:14-cv-01369-GBL-JFA)

Submitted: October 28, 2016       Decided: December 9, 2016

Before GREGORY, Chief Judge, and DUNCAN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Norman A. Thomas, NORMAN A. THOMAS, PLLC, Richmond, Virginia; Shannon J. Briglia, Robert J. Dietz, BRIGLIAMCLAUGHLIN PLLC, Vienna, Virginia, for Appellants. Peter D. Greenspun, Mikhail N. Lopez, GREENSPUN SHAPIRO P.C., Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald and Lesley O'Kelley appeal the jury verdict against them and in favor of Apex Custom Homes, LLC, on each party's claim for breach of contract. Finding no reversible error, we affirm.

The O'Kelleys first challenge the district court's denial of their Fed. R. Civ. P. 50(a) motion for judgment as a matter of law. The O'Kelleys argue that there was insufficient evidence at trial to support the jury's verdict that the O'Kelleys committed the first material breach of a home construction contract. They also contend that Apex did not produce sufficient evidence of lost profits. However, because the O'Kelleys did not renew their motion for judgment as a matter of law after the jury's verdict in accordance with Fed. R. Civ. P. 50(b) or move for a new trial under Fed. R. Civ. P. 59, we decline to consider their claims relating to sufficiency of the evidence. Unitherm Food Sys. v. Swift-Eckrich, Inc., 546 U.S. 394, 400-05 (2006); Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 154-56 (4th Cir. 2012).

Next, the O'Kelleys contest two evidentiary rulings, which we review for abuse of discretion and will overturn only if we conclude that the district court's ruling was arbitrary and irrational. Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 349 (4th Cir. 2014). The O'Kelleys first challenge the district

2

court's Fed. R. Evid. 403 ruling excluding evidence of a prior regulatory proceeding involving a dispute between Apex and an unrelated party. Given the high level of deference we accord Rule 403 decisions, id. at 349-50, we conclude that the district court did not err in finding that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice to Apex. The O'Kelleys also claim that the district court erred in limiting an expert witness' testimony concerning their mitigation of damages. Because the jury's verdict against the O'Kelleys on their contract counterclaim rendered the issue of mitigation irrelevant, we conclude that any possible error regarding the expert's testimony was harmless and, therefore, not reversible. United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 375 (4th Cir. 2015); Fed. R. Civ. P. 61.

Finally, the O'Kelleys contend that the district court erred by rejecting their proposed jury instruction regarding waiver, a claim also subject to review for abuse of discretion. Gentry v. E. W. Partners Club Mgmt. Co., 816 F.3d 228, 233 (4th Cir. 2016). Having reviewed the record, we conclude that the district court was within its discretion to select the waiver instructions it gave. Moreover, any error was harmless because the jury heard sufficient evidence to reach its verdict without considering the issue of waiver. See Willingham v. Crooke, 412 F.3d 553, 560 (4th Cir. 2005).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED