**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1291
_____

ANDRE MARTINEZ,
                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:13-cv-01475)
Magistrate Judge:  Honorable Martin C. Carlson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2017

Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed March 3, 2017)
_____

OPINION*
_____

PER CURIAM

    Andre Martinez ("Martinez"), a federal prisoner, appeals, pro se, from the District

Court's judgment in favor of the United States of America on his negligence claim

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"). For the reasons set forth below, we will affirm.

On March 7, 2012, Martinez was an inmate at United States Penitentiary Lewisburg. Accordingly to surveillance video, Martinez was placed inside a recreation area with another inmate, Steward Pepion ("Pepion"). Within a second after Martinez entered the recreation area, Martinez and Pepion began fighting, each punching the other dozens of time in the head, face, neck, and torso. Staff responded; however, the inmates failed to comply with the staff members' orders to stop. The staff members then used chemical agents, which caused the inmates to stop fighting and comply with instructions to lie down on the ground.

According to the correctional officers, after the fight, Martinez exited the recreation area through the sally port. Martinez was handcuffed by staff using the standard procedure: Martinez placed his hands behind his back with his thumbs facing upward and correctional staff placed handcuffs over his wrists. During the handcuffing procedure, Martinez felt pain in the little finger of his right hand. Martinez testified that the correctional officer fractured his finger by hitting it with his palm. Martinez was taken to the medical unit and treated for multiple contusions, abrasions, and lacerations. Martinez was also treated for a fracture to his little finger. Martinez had surgery on the finger; however, he continues to suffer loss of dexterity and mobility in the finger.

Martinez instituted this action under the FTCA against the United States based on the allegation that corrections officers negligently handcuffed him, thereby causing injury to his finger. The parties consented to a trial before a Magistrate Judge. After a bench

trial, the Magistrate Judge concluded that the defendants did not breach a duty of care to Martinez and did not cause his injury, as the Magistrate Judge found that Martinez's finger was injured during the fight. Accordingly, the Magistrate Judge entered judgment in favor of the United States. Martinez appeals.

The District Court had jurisdiction under the FTCA pursuant to 28 U.S.C § 1346(b). We have jurisdiction over this appeal from the final judgment of the District Court pursuant to 28 U.S.C. § 1291. After a bench trial, we review the District Court's factual findings for clear error only. Am. Soc'y for Testing & Materials v. Corrpro Cos., 478 F.3d 557, 566 (3d Cir. 2007); Fed. R. Civ. P. 52(a)(6). We exercise plenary review over the District Court's conclusions of law. Kosiba v. Merck & Co., 384 F.3d 58, 64 (3d Cir. 2004).

Martinez asks us to set aside the judgment of the District Court, arguing that the Magistrate Judge erred when he determined that the United States' conduct was not a substantial factor in causing his injury. Martinez did not preserve his weight of the evidence claim for appellate review because he did not present it to the District Court in a motion for a new trial. As the Supreme Court has held, "a party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court." Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006). This claim is, therefore, waived. In any event, even if the claim were not waived, it does not present a basis for relief.

Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and its

liability "is generally determined by reference to state law." <u>Molzof v. United States</u>, 502 U.S. 301, 305 (1992). Pennsylvania law governs Martinez's claims as a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To establish negligence under Pennsylvania law, the plaintiff must show: (1) that the defendant owed him "a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." <u>Pittsburgh Nat'l Bank v. Perr</u>, 637 A.2d 334, 336 (Pa. Super. Ct. 1994).

As explained in the Magistrate Judge's comprehensive opinion, the only evidence presented to support Martinez's claim that his injury was caused by the negligent application of hand restraints was from Martinez himself, who testified that he felt pain upon being handcuffed. However, Martinez's alleged observation of the application of hand restraints is suspect as it occurred behind his back. The credibility of Martinez's account is undermined by his failure to complain of the officer's conduct at any time before filing the present law suit. Martinez did not accuse the correction officer of misconduct when he was transported to the medical unit, nor did he report misconduct to any of the medical personnel who treated him or to any other correctional staff member. The plausibility of Martinez's allegation is further weakened by the standard handcuffing process employed by the prison, which provides for applying restraints to inmates' wrists next to inmates' thumbs, which would make any contact with the little finger incidental. Finally, the surveillance video does not show any type of reaction from Martinez, much less one consistent with having his finger fractured, when the restraints were applied. In

4

contrast, the evidence presented by the Appellee provided a much more compelling explanation for Martinez's injury. Martinez engaged in a violent fist-fight with another inmate in which he punched the inmate multiple times. Dr. Pigos testified that Martinez suffered a fracture between the first and second knuckles on his finger, which he explained commonly results from a person striking a hard surface with a closed fist. Accordingly, the Magistrate Judge's finding that the Appellee did not cause Martinez's injury is not clearly erroneous.

Martinez also asserts on appeal that the Magistrate Judge failed to determine whether that the Bureau of Prisons ("BOP") violated his First, Fourth, Fifth, Sixth, Eighth, and Tenth Amendment rights. Martinez did not raise any constitutional claims before the District Court; instead, he raised and proceeded on the single FTCA claim.[1]

In conclusion, we will affirm the judgment of the District Court.

---

[1] In his motion to amend/correct his complaint, which the District Court granted, Martinez withdrew all claims against the BOP.