NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA BERNDT, | No. 16-16079 |
| Plaintiff-Appellant, | D.C. No. 1:03-cv-03174-NJV |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding

Argued and Submitted October 19, 2017
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and GWIN,** District Judge.

Martha Berndt appeals from the district court's denial of her motion for a new trial after a defense verdict in this sexual harassment suit.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

We affirm the defense judgment, but reverse the costs award.

1.    Berndt argues that the district court erred on certain evidentiary rulings. We can only reverse if (1) the district court abused its discretion and (2) the error was prejudicial. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003). "A reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict." *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001).

a.    In limiting the admission of evidence about similar incidents of indecent exposure by inmates witnessed by other prison employees, the district court performed the required balancing under Federal Rule of Evidence 403, allowing Berndt to offer only five rule violation reports. We review the district court's Rule 403 balancing with considerable deference, *see United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000), and do not find an abuse of discretion. Moreover, we find no prejudice from the district court's ruling, as the court admitted a state report that summarized all indecent exposures and Berndt used summary charts detailing all the 115 Forms.

b.    Berndt also argues that the district court erred when it denied her request to take judicial notice of rulings in *Freitag v. Ayers,* 468 F.3d 528 (9th Cir. 2006). The district court properly denied the request, which involved factual and

legal conclusions from another trial. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

c.    Berndt also challenges the district court allowing certain expert testimony on whether the masturbatory exhibitionism was pervasive in the Pelican Bay prison. Even assuming error, it was not prejudicial. Berndt asked her own prison practices expert whether the exhibitionism was pervasive. And other admitted evidence made the same point – that other inmate discipline problems occurred much more frequently.

d.    Finally, Berndt complains that the district court excluded evidence concerning exhibitionist incidents before May 24, 1997. However, Berndt herself volunteered the May 24, 1997 time period limitation and thus waived her right to complain about it. *See United States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1393 (2016). Nor did she move to amend the pretrial order in the six-month period between the final pretrial conference and the beginning of trial.

2.    Berndt argues that the district court should have granted a new trial because the jury's verdict was against the clear weight of the evidence. We review to determine "if there was some 'reasonable basis' for the jury's verdict," *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citations omitted), and will only

reverse "where there is an *absolute absence of evidence* to support the jury's verdict," *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (citation omitted).

The jury's finding that the claimed hostile work environment resulting from inmate exhibitionism was not "sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment" was supported by the evidence. *Freitag*, 468 F.3d at 539 (alteration in original) (citation omitted). Berndt reported four masturbatory exposure incidents over eight years. Amidst large numbers of inmate assaults, inmate exhibitionism constituted a small portion of overall inmate misconduct at CDCR.

3. Berndt waived any argument about the jury's verdict regarding Sergeant David Skerik because she did not present this argument before the district court in her motion for a new trial. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 402 (2006); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

4. The district court did not abuse its discretion in granting Appellees the costs for daily transcripts that were necessary for appeal. *See* N.D. Cal. Civ. R. 54-3(b)(1). The district court also did not abuse its discretion in awarding costs for converting and copying a recorded deposition into a mini DV CD. *See* N.D. Cal. Civ. R. 54-3(c)(1) (permitting "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case"). But, the district court erred in awarding deposition synchronization

16-16079

costs to Appellees. *See Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 959 (9th Cir. 2013), and we remand with instructions to reduce the costs award accordingly.[1]

**AFFIRMED IN PART and REVERSED IN PART**.

---

[1] Berndt had no basis for appealing the costs for the audio interview transcripts for Officer Judy Longo or the expedited transcript for Teresa Reagle. The district court disallowed those costs.