> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021[*]
Decided March 29, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2199

| | |
|---|---|
| OMAR GRAYSON,<br>　　*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 3:15-CV-981-RJD |
| JODY GOETTING and JOHN BALDWIN,<br>　　*Defendants-Appellees*. | Reona J. Daly,<br>*Magistrate Judge*. |

## O R D E R

Omar Grayson, formerly an inmate at Pinckneyville Correctional Center in Illinois, sued an assistant warden, Jody Goetting, for requiring him to untie his dreadlocks for an intake photo. A jury found that this requirement did not violate Grayson's free-exercise rights under the First Amendment. On appeal, Grayson

---

[*] We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

primarily argues that the verdict was against the weight of the evidence. But because the jury had ample evidence from which it could find for Goetting, we affirm.

Grayson has clashed with prison authorities over his dreadlocks, which he has vowed not to cut as a matter of his faith as an African Hebrew Israelite. When he was confined at a different prison, an officer there ordered that his dreadlocks be cut, and Grayson responded with a religious-freedom suit. *See Grayson v. Schuler*, 666 F.3d 450 (7th Cir. 2012). We ruled that prisons may have legitimate security or sanitary reasons to ban dreadlocks, but because of a factual dispute over whether the prison allowed Rastafarian prisoners to keep their dreadlocks, summary judgment in that case was not proper. *Id.* at 452, 455. After Grayson was transferred to Pinckneyville, another clash over his dreadlocks emerged during intake, leading to this suit.

Only one claim in this suit went to trial—a claim that Goetting violated Grayson's First Amendment right to freely exercise his religion by requiring him to untie his dreadlocks. *See* 42 U.S.C. § 1983. The district court dismissed an Eighth Amendment claim on the pleadings, and a Religious Land Use and Institutionalized Persons Act claim, 42 U.S.C. §§ 2000cc-1, and other claims ended at summary judgment. By consent of the parties, 28 U.S.C. § 636(c), a magistrate judge presided over the trial of the First Amendment claim to a jury. Because we are an appellate court reviewing whether the jury's verdict for Goetting is sustainable, we recount the trial evidence in the light most favorable to him. *Gracia v. Sigmatron Int'l, Inc.*, 842 F.3d 1010, 1018 (7th Cir. 2016).

Goetting did not order Grayson to cut his dreadlocks. Goetting was present when another prison guard told Grayson to remove his dreadlocks for an identification photo. Grayson responded that "paperwork"—apparently our prior decision—said that cutting his hair would violate his rights. Goetting and the officer let Grayson retrieve his "paperwork," and afterward prison officials allowed Grayson to keep his hair uncut so long as he untied the dreadlocks for the photo. They were enforcing a prison rule prohibiting "matted, twisted, hair sections" that interfere with security, as dreadlocks can do because inmates have hidden contraband there. In combing out his dreadlocks, Grayson lost some hair, so he could not reset the dreadlocks exactly as before.

The treatment of two other inmates with dreadlocks came up at trial. One, a Rastafarian, testified that he was allowed to avoid removing his dreadlocks by staying in segregation. Another inmate, a member of a different religion, proposed to testify that he was ordered to remove his dreadlocks. But this inmate did not know who

Goetting was, so the court ruled (over the objection of Grayson's counsel) that he did not have relevant testimony about Goetting's liability.

Before addressing the merits of Grayson's challenge to the jury's verdict, we note what is not at stake on appeal. First, Grayson has now completed his prison sentence, so injunctive relief is not at play. *See Sossamon v. Texas*, 563 U.S. 277, 287–88 (2011); *see also Schuler*, 666 F.3d at 451. Second, without a physical injury (and Grayson does not claim one), compensatory damages are not in the picture, *see* 42 U.S.C. § 1997e(e); although Grayson could argue for punitive or nominal damages, *see Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019); *see also Uzuegbunam v. Preczewski*, No. 19–968, slip op. at 11 (U.S. Mar. 8, 2021).

Last, Goetting correctly argues that, by failing to move for judgment as a matter of law, *see* FED. R. CIV. P. 50, Grayson cannot argue on appeal that the jury's verdict lacks sufficient evidence. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400 (2006). We recognize that Grayson is also arguing that the verdict is against the manifest weight of the evidence, a challenge that ordinarily requires a motion for a new trial under Rule 59. *See Lewis v. McLean*, 941 F.3d 886, 891 (7th Cir. 2019). Although Grayson did not so move, Goetting has not invoked *that* forfeiture. But we need not decide whether Goetting's forfeiture argument about Rule 50 extends to Rule 59, because, as we are about to explain, Grayson loses on the merits.

Under the First Amendment, orders directed to inmates are valid if "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Also, prison orders of general application need not "accommodate" religious preferences. *Employment Division v. Smith*, 494 U.S. 872, 906 (1990); *see also Schuler*, 666 F.3d at 453. Moreover, "freedoms enjoyed by persons not in detention … need not be available to those in custody." *Koger v. Dart*, 950 F.3d 971, 973 (7th Cir. 2020) (citing *Beard v. Banks*, 548 U.S. 521 (2006)). Finally, prisons have "substantial discretion" in balancing inmates' interests—including religious freedom—against security. *Id.*

With these principles in mind, we conclude that Grayson failed to show that the verdict was against the manifest weight of the evidence. First, Goetting was merely present when another officer told Grayson to comb out his dreadlocks. The record is thus consistent with a finding that Goetting did not order Grayson to untie his hair. Second, even if Goetting did issue the order, the jury reasonably found that the order did not violate Grayson's faith because his religion forbids him only from cutting his dreadlocks, not untying them, combing them out, and resetting them, as he was

allowed to do. Third, even if Grayson's faith forbid untying, the jury could find that the order to untie did not violate Grayson's free-exercise rights because the defendants introduced evidence that tied dreadlocks have caused security problems with inmates hiding contraband in them.

Grayson's responses are unpersuasive. First, he emphasizes our admonition in his earlier case that an officer may be liable if he enforces a hair regulation against an African Hebrew Israelite but not a Rastafarian. *Schuler*, 666 F.3d at 455. But Grayson offered no evidence that Goetting was involved with allowing the Rastafarian inmate who testified to avoiding an order to cut his dreadlocks by moving to segregation. Second, in the district court, Grayson criticized that court's exclusion of testimony from the other religious inmate who was ordered to cut his dreadlocks. But that inmate did not know Goetting and thus had nothing to say about Goetting's conduct. Third, Grayson argues that the prison had other methods to achieve its security objectives without requiring him to untie his dreadlocks (like having him run his fingers through his hair). But even if other methods were available (a point not substantiated), the First Amendment does not require that the prison adopt the least restrictive means of achieving its security goals, just a reasonable one. *Holt v. Hobbs*, 574 U.S. 352, 357–58 (2015) (comparing the First Amendment standard to other more demanding standards).

We note two final matters. First, Grayson makes a cursory challenge to the dismissal of his Eighth Amendment claim, but because it is not developed, it is forfeited. *See Scheidler v. Indiana*, 914 F.3d 535, 540 (7th Cir. 2019) ("Insufficiently developed issues and arguments are … forfeited."). Second, he waived any challenges to the summary-judgment order by failing to include them in his opening brief. *See Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 816 (7th Cir. 2019).

AFFIRMED