NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2256
_____

MARTIN W. JONES,
                    Appellant

v.

TONY MARSAGLIA; MICHAEL KAMINSKI;
FRANK NAJERA; JOSHUA MALLERY, Badge #99-30

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04678)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: March 13, 2024)
_____

OPINION[*]
_____

PER CURIAM

Pro se Appellant Martin W. Jones sued the Defendants in their individual capacities

under 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his arrest

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

by the Defendants and their search of his home and cellphone. Najera arrested Jones on November 7, 2017, for possession of drug paraphernalia, and confiscated his cellphone. Jones was released on November 21, 2017, but his cellphone remained in police custody. On January 10, 2018, Jones consented to a search of the phone and the extraction of its data. He alleges that the Defendants unlawfully searched his phone before he consented to the search.

Defendants Joshua Mallery and Frank Najera separately filed motions to dismiss. The District Court dismissed with prejudice claims against them alleging conspiracy and a Fourth Amendment violation based on the search of Jones's home. The District Court denied the motions as to Jones's claims against Mallery and Najera regarding alleged cellphone searches. Mallery subsequently filed a motion for summary judgment, which the District Court granted. The case proceeded to trial on Jones's Fourth Amendment claim against Najera regarding the allegedly unlawful cellphone searches. The jury decided against Jones, and the District Court entered a judgment against him. Jones timely filed a notice of appeal.

In his opening brief, Jones challenges the District Court's orders granting summary judgment in favor of Mallery and entering judgment in favor of Najera after trial. He alleges that an expert report prepared for trial supports his appeal of the summary judgment order in favor of Mallery. The expert report contends that the phone was accessed multiple times while it was in police custody before Jones consented to a search. Jones also argues

that no reasonable jury could have reached the verdict against him in the trial against Najera.[1]

Turning first to Jones's arguments concerning Mallery, we review de novo a district court's decision to grant summary judgment, see Webb v. City of Phila., 562 F.3d 256, 259 (3d Cir. 2009), and we will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012) (quoting Fed. R. Civ. P. 56). We "may only review the record as it existed at the time summary judgment was entered." Webb, 562 F.3d at 259 (quotation marks omitted). Because the expert report referenced by Jones in his opening brief was not part of the record at the time summary judgment was entered (and, indeed, did not exist), Jones cannot rely on it to challenge the summary judgment decision. Even if this were not so, the expert report would be unavailing for Jones, as there is nothing contained within it—nor does Jones offer any other support—showing that Mallery was personally involved in any allegedly unlawful search. We thus conclude that the District Court did not err by granting summary judgment as there was no genuine issue of material fact.

Turning to Jones's argument challenging the jury's decision in favor of Najera, we note that, as a general matter, we must "uphold the jury's verdict if the record contains that minimum quantum of evidence from which the jury could have rationally reached a verdict." Black v. Stephens, 662 F.2d 181, 190 (3d Cir. 1981). However, Jones did not

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

file a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 or a motion for a new trial under Rule 59.  The failure to file these motions forecloses any challenge to the sufficiency of the evidence.  See Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 400–04 (2006).  Even if we were inclined to review Jones's (totally undeveloped) challenge, we are unable to do so because, despite his obligation, Jones has neither provided a copy of the trial transcripts, see Fed. R. App. P. 10(b)(1)(A), nor moved for their production at government expense, see 28 U.S.C. 753(f); 3d Cir. L.A.R. 11.1.  See also Morisch v. United States, 653 F.3d 522, 529–30 (7th Cir. 2011) (discussing the inability to conduct "meaningful review" in the absence of a transcript and how a litigant's failure to order a transcript can be grounds for forfeiture of a claim).

Accordingly, we will affirm the orders of the District Court granting summary judgment in favor of Mallery and judgment in favor of Najera.