**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1428
_____

TYRONE SINGLETON,
                                            Appellant
v.

LAUREL HARRY; SCOTT WHALEN; LISA PETERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-02711)
Magistrate Judge on Consent:  Honorable Daryl F. Bloom
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2024

Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: September 10, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tyrone Singleton appeals following a jury verdict in favor of the sole remaining defendant on his sole remaining claim. We will affirm.

I.

Singleton filed suit pro se against three defendants raising claims under 42 U.S.C. § 1983 relating to his detention in the Restricted Housing Unit at SCI Camp Hill in 2013 through 2014. The District Court dismissed or entered summary judgment for defendants on all of Singleton's claims, but we vacated and remanded as to one of them—i.e., Singleton's claim that, while he was a pretrial detainee, defendants denied him procedural due process by detaining him in the Restricted Housing Unit without any explanation or opportunity to be heard on the issue. See Singleton v. Superintendent Camp Hill, 747 F. App'x 89, 92 (3d Cir. 2018) (per curiam).

On remand, the District Court entered summary judgment in favor of defendant Scott Whalen on the ground that Singleton presented no evidence that Whalen was personally involved in the alleged due process violation. The court later entered summary judgment in favor of defendant Lisa Peters on the same ground.[1] That ruling left Laurel Harry as the sole remaining defendant on Singleton's claim, which proceeded to a trial at which the jury found in Harry's favor. According to the verdict form, the jury found that Singleton was provided both with an explanation for his detention and a timely

---

[1] By this time, the court had begun acting through a Magistrate Judge on the parties' consent and had appointed counsel for Singleton.

2

opportunity to challenge it. The court then entered judgment on the jury's verdict, and Singleton appeals pro se. We have jurisdiction under 28 U.S.C. § 1291.

II.

Singleton's notice of appeal mentions only the District Court's judgment on the jury verdict, and his sole argument on appeal is that the verdict was against the weight of the evidence. We reject that argument for three reasons.

First, as defendants argue, Singleton failed to preserve any challenge to the weight of the evidence because he did not file a post-verdict motion raising that challenge in the District Court. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006) ("[A] party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court."); United States v. Grubbs, 506 F.3d 434, 443 (6th Cir. 2007) ("[Appellant] has [forfeited] the argument that he is entitled to a new trial based on the verdict being against the weight of the evidence, because he did not present this argument to the district court.").[2]

Second, as defendants also argue, Singleton could not adequately support any such argument on appeal because he did not order a trial transcript as required for this challenge. See Fed. R. App. P. 10(b)(1) & (2); 3d Cir. L.A.R. 30.3(a) (2011).

Third and finally, Singleton has not raised any meaningful challenge on appeal. He asserts that the verdict was against the weight of the evidence, but "[n]ew trials

---

[2] In so noting, we do not suggest that there was any basis for Singleton's pro bono counsel to have filed such a motion. To the contrary, as explained further herein, Singleton has not provided any reason to believe that there was.

3

because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Greenleaf v. Garlock, Inc., 174 F.3d 352, 366 (3d Cir. 1999) (cleaned up). Singleton has made no showing in that regard. He does not argue, for example, that the jury should have believed or disbelieved any particular evidence. Indeed, he does not mention any of the trial evidence at all. Instead, his arguments on this point consist entirely of conclusory assertions that the evidence favored him and that the jury should have found in his favor. Such conclusory assertions are not enough to raise an issue on review. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018); Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017).

Nor has Singleton raised any other issue on review. The only other aspect of his brief that warrants discussion is his assertion, in summarizing the factual background, that he was detained without a warrant and that "unit manager Whalen checked the initial warrant data" but "there were no warrants holding me there." To the extent that this assertion could be construed as a reference to Singleton's claim that his detention was illegal, we previously affirmed the dismissal of that claim. See Singleton, 747 F. App'x at 91-93. To the extent that this assertion could be construed instead as a reference to the District Court's entry of summary judgment in favor of Whelan on Singleton's due process claim, this mere assertion provides no basis for relief. The court entered summary judgment for Whalen because Singleton presented no evidence of Whelan's

4

personal involvement in the alleged due process violation as required for liability under § 1983.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  Singleton does not mention that ruling, let alone claim that he presented any evidence on that point in opposition to summary judgment.  He did not.

## III.

For these reasons, we will affirm the judgment of the District Court.