**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6672

TYRONE DEMETRIUS BATTEN,

Plaintiff - Appellant,

v.

SERGEANT DOUGLAS BRANHAM; SERGEANT SKYLER ALLEN; CORRECTIONAL OFFICER CHARLES HALL,

Defendants - Appellees,

and

RICK WHITE; NP JESSEE, now known as Holbrook; M. BROOKSHIRE, Mental Health,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Robert S. Ballou, District Judge.  (7:23-cv-00178-RSB-JCH)

Submitted:  December 23, 2025                    Decided:  December 31, 2025

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tyrone Demetrius Batten, Appellant Pro Se.  Austin Logan Obenshain, Nathan Henry Schnetzler, FRITH, ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Demetrius Batten appeals the district court's judgment entered after a jury verdict following trial in his 42 U.S.C. § 1983 civil action alleging excessive force. On appeal, Batten argues that the evidence is insufficient to support the jury's verdict. He also argues that vacatur of the court's judgment is warranted because he "did not have a peer of [his] kind." We affirm.[*]

Because Batten did not comply with Fed. R. Civ. P. 50 in the district court, he may not raise his challenges to the sufficiency of the evidence on appeal. *See Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154 (4th Cir. 2012) ("To challenge the sufficiency of the evidence in a civil jury trial on appeal, a party must comply with [Fed. R. Civ. P.] 50."). Batten did not challenge the sufficiency of the evidence either before the case was submitted to the jury or after the return of the verdict and entry of judgment and has therefore forfeited his sufficiency challenges on appeal. *Id.*; *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006) (holding that party's "failure to comply with Rule 50(b) forecloses its challenge to the sufficiency of the evidence").

Batten also summarily suggests that vacatur is warranted here because he "did not have a peer of [his] kind." Batten, however, does not explain this assertion or present any argument with respect to it. He has thus waived it. *See Grayson O Co. v. Agadir Int'l LLC*,

---

[*] Appellee Douglas Branham moves to dismiss this appeal on the basis that Batten failed to prosecute it by failing to timely file his informal brief. Because Batten filed his informal brief within the time allotted by this court's notice issued under 4th Cir. R. 45, we deny the motion to dismiss.

856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (citation modified)); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Accordingly, we affirm the district court's judgment. *Batten v. Branham*, No. 7:23-cv-00178-RSB-JCH (W.D. Va. July 18, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*